**PHILLIPS PETROLEUM COMPANY,**
Appellant,

v.

**Lee T. BIVINS et al., Appellees.**

**No. 7747.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 20, 1967.

Rehearing Denied Dec. 18, 1967.

C. J. Roberts and Jack Ritchie, Amarillo, Wm. J. Zeman and Lloyd G. Minter, Bartlesville, Okl., for appellant.

Lumpkin, Watson & Smith and Robert Page Smith, Amarillo, for appellees.

DENTON, Chief Justice.

This case is before us upon petition for writ of error by Phillips Petroleum Company, defendant in the court below. A motion to dismiss is in the record by plaintiffs below, Lee T. Bivins and others, who originated the case in a declaratory judgment action in the district court seeking to have the Bivins' "HH" No. 2 gas well proration unit declared invalid and of no effect; that three separate oil and gas leases under which they owned the royalty contained no pooling or unitization clauses; that plaintiff has no right to pool or unitize in any manner; that they are entitled to a full one-eighth royalty from the production of the Bivins' "HH" No. 2 gas well; that inasmuch as its three tracts are covered by separate leases from which they are entitled to one-eighth of the production, Phillips is not entitled to commingle or jointly operate tracts One, Two and Three; and that Phillips is without authority to operate tracts One, Two and Three with Tract Four. The tracts will be hereinafter described.

We deem it necessary to pass upon the motion first before discussing other questions in the case. The parties will be hereinafter referred to as Phillips or appellant, and as the Bivins or appellees.

▮ The trial court held its regular docket call on May 9, 1966, at which time this case was set for hearing on July 5, 1966. Appellees state by brief that Phillips absented itself from the hearing and: "After the hearing, the Trial Court entered judgment on July 7, 1966." Except for Phillips' "Surrejoinder" there is not anything in the record to show why the appellant was not present at the hearing on July 5, 1966. A default judgment does show to have been rendered and signed on July 7, 1966. The "Surrejoinder" is not evidence, we have no authority to

consider it as such, and in our view of the law it is unnecessary to be considered. The record does show that a judgment was rendered on said date reciting in part that "* * * Phillips Petroleum Company, having heretofore appeared and answered herein by written answer * * * Defendant nevertheless failed in all things to appear for the trial of this cause; * * *."

▮ The record shows a copy of the judgment was not sent to Phillips' counsel until more than thirty days after the date of the judgment, thus foreclosing appellant's remedy through a motion for new trial as spelled out in Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966). Phillips then filed its petition for writ of error within the six months period under the provisions of Articles 2249, 2249a and 2255, Vernon's Ann.Tex.Civ.St., followed by appellees' motion to dismiss.

Regarding writs of error from district courts to the Courts of Civil Appeals, Article 2249 provides: "An appeal or Writ of Error may be taken to the Court of Civil Appeals from every final judgment of the district court in civil cases * * *."

Section I of Article 2249a provides: "No party who participates either in person or by his attorney in the actual trial of the case in the trial court shall be entitled to review by the Court of Civil Appeals through means of writ of error."

Article 2255 provides: "The writ of error, in cases where the same is allowed, may be sued out at any time within six months after the final judgment is rendered."

We believe the key word in these articles with respect to the point under discussion is the word "actual", wherein Section I of Article 2249a states: "No party who participates either in person or by his attorney in the *actual* trial of the case shall be entitled to review by

the Court of Civil Appeals through means of writ of error." (All emphases added.)

■ The Supreme Court of Texas has given the word "actual" emphasis by holding the statute " * * * denies that right only to one 'who participates either in person or by his attorney in the *actual* trial of the case,'" italicizing "actual". Continuing, the court said: "Ordinarily, the 'trial' includes every step taken in the determination of the issues between the parties * * *" Lawyers Lloyds of Texas v. Webb, 137 Tex. 107, 152 S.W.2d 1096 (1941). Every step taken in the determination of the issues between the parties would necessarily include the courtroom hearing leading to the judgment rendered. Therefore, Phillips did not participate " * * * either in person or by his attorney in the *actual* trial of the case within the rules just stated from the Court." See also Specia v. Specia, 292 S.W.2d 818 (Tex.Civ.App.-SanAntonio, 1956, writ ref'd n.r.e.); and Petroleum Casualty Co. v. Garrison, 174 S.W.2d 74 (Tex.Civ.App.-Beaumont, 1943, writ ref'd w.o.m.), holding that filing an answer in a case is not participation. The Supreme Court in Lawyers Lloyds of Texas v. Webb, supra, also said:

"Moreover, the statute here under consideration is at least open to the construction which we have given it. It is well settled in this State that statutes giving and regulating the right of appeal are recognized as remedial in their nature, and in case of doubtful construction, should be liberally construed in favor of the right of appeal thereunder. Pratley v. Sherwin-Williams Co. of Texas, Tex.Com.App., 36 S.W.2d 195, par. 3; Parks v. Purnell, 135 Tex. 182, 141 S.W.2d 585, par. 3."

The motion to dismiss the petition for writ of error is denied.

Appellees are royalty owners under three out of four tracts of land in Hutchinson County that constitute the Bivins' "HH" No. 2 gas well proration unit.[1] Phillips is part owner of the three separate oil and gas leases on the same three tracts and also owns a lease covering an 80-acre tract[2] in Section 85 contiguous to the tracts in Sections 84 and 86 just described. The fourth tract will be referred to as the Sanford Tract.

The four tracts comprise 480 acres located in the West Panhandle (Red Cave) Gas Field. Special Order No. 10–48, 438 of the Railroad Commission provides for standard 640-acre proration units, although exceptions may be granted on compliance with the Commission's density order of August 28, 1953, where there is an absence of a voluntary subdivision, as here.

Making a decision in 1962 to drill a Red Cave gas well on the north 160 acres of Section 86, Phillips requested appellees to modify their three leases, authorizing the pooling of their leases into a 480-acre unit with the Sanford 80 acres. Appellees refused, so electing to account to the Sanfords out of its own working interest, Phillips applied to the Commission on May 19, 1964, for a permit to drill the Bivins' "HH" No. 2 well on the North 160 acres of Section 86, with the Bivins' tracts and the Sanford tract attributed to a 480-acre proration unit. The proposed proration unit being less than the standard 640-acre unit established by the Commission to be the efficient drainage area of a gas well, the application for a permit was accompanied by a density affidavit.

It is obvious from the statements made that appellees would benefit on the basis of a 480-acre unit rather than the 400 acres

1. (Tract 1): North 160 acres of Section 86; (Tract 2): South ½ of the north ½ of Section 84; and (Tract 3): North ½ of the north ½ of the south 320 acres of Section 84.

2. (Tract 4): South 80 acres of north 266 acres of Section 85.

of minerals owned by them in the proposed unit.

The Bivins' "HH" No. 1 was a mechanical failure and in the application to drill the Bivins' "HH" No. 2 its density affidavit informed the Commission that Phillips had no power to pool appellees' land. Both the Commission and appellees had been notified more than once by telephone to the Commission and letters to counsel for appellees that Phillips recognized it had no contractual pooling rights.

The Commission granted the requested permit and each month since commencement of production has allocated to the Bivins' "HH" No. 2 gas well, the 480 acres designated in the plat attached to the drilling application. The well has produced its 480-acre allowable since commencement and Phillips has at all times offered to account to appellees for a full 1/8 royalty on the 480-acre basis.

Appellees protested both to Phillips and to the Commission, stressing the lack of pooling rights even though they had been advised through their counsel by Phillips, as had the Commission, that Phillips did not claim such rights.

Fred Young, the Commission counsel, advised the proration unit would stand. On June 1, 1965, appellees filed an action asking for declaratory judgment " * * * that defendant has no legal authority, right or power to pool or unitize the tracts described in Paragraph II above [3] with the tract described in Paragraph V [4] above. * * *" Then by amended petition filed on June 24, 1966, appellees alleged:

"(2) That Defendant is without authority to pool, unitize, jointly operate or commingle the minerals under Tracts One, Two and Three above described and that any action on the part of Defendant

to such effect is a nullity and of no force and effect;

"(3) That Defendant is without authority to pool Tracts One, Two and Three with Tract Four; or to operate Tracts One, Two and Three in connection with or jointly with Tract Four;"

In its first point of error Phillips contends the court below erred in entering judgment declaring appellees' leases are without pooling provisions, that they are entitled to a 1/8 royalty, "and other declarations to the same effect, *because no controversy existed between the parties with respect to such issues.*"

A prior affidavit had been filed by Phillips for the drilling of the Bivins' "HH" No. 1, which failed to advise that the Bivins refused to pool, but since the well was a mechanical failure no proration unit was ever allocated to that well and the prior affidavit became moot.

A careful study of the transcript makes it apparent that the trial court rendered a judgment declaring upon issues about which no controversy existed.

The record shows agreement that appellees owned royalty interests on Tracts One, Two and Three; that Phillips is the owner (within the purview of this record) of oil and gas leases covering such tracts; that none of the leases grant to lessees any power to pool or unitize any of the leased tracts with any other tract or with each other; that Phillips owes to appellees a sum of money equal to 1/8 of all of the production of and from the gas well known as the Bivins' "HH" No. 2; that by accepting such money appellees in no way ratify or confirm, consent or agree to Phillips "operating" [5] the four tracts jointly; and that Phillips should pay immediately to ap-

---

3. Tracts 1, 2 and 3.

4. Tract 4, the Sanford 80 acres.

5. We confess we are uncertain on the meaning of the term "operate" as used

in the judgment and in appellees' brief. The term is not explained by appellees, and Phillips admits by brief it does not know what is meant by the term as it is used in the judgment and in appellees' brief.

pellees a sum of money equal to ⅛ of the gas produced from the Bivins' "HH" No. 2 well.

■ Phillips having agreed that it had no contractual pooling rights to the tract; having so advised appellees and the Commission; having tendered the full ⅛ royalty following the attribution by the Commission of the 480 acres to the Bivins' "HH" No. 2 well; and such acreage being less than the standard 640 acres required for the area (subject to reduced acreage when a density affidavit shows reason therefor), we are unable to find where the judgment declared upon any legitimate controversial issue concerning which a court outside of Travis County has jurisdiction. A proration unit is not "operated" in the sense in which the term appears to be used in appellees brief and pleadings. It exists as a standard for measuring allowables.

It is without question that the leases from the Bivins to Phillips do not constitute contractual pooling rights, with the resulting consequences such as are enumerated in Southland Royalty Co. v. Humble Oil & Refining Co., 151 Tex. 324, 249 S.W.2d 914 (1952) and none of which characteristics follow from the allocation of acreage by the Railroad Commission to a proration unit. Certainly as to this question then a real and justiciable controversy cannot exist, the parties not being in dispute and no adverse claim having been asserted in that respect.

■ It has been held that: "For a factual situation to constitute a 'justiciable controversy', there must be a real and substantial controversy involving a genuine conflict of tangible interests, rather than a theoretical one." Littlejohn v. Johnson, 332 S.W.2d 439 (Tex.Civ.App.-Waco, 1960, no writ). See also Spradley v. Whitehall, 314 S.W.2d 615 (Tex.Civ.App.-Fort Worth, 1958, no writ), and in the federal jurisdiction, Treemond Co. v. Schering Corporation, 122 F.2d 702 (3rd Cir., 1941); and Dewey

& Almy Chemical Co. v. American Anode, 137 F.2d 68 (3rd Cir., 1943).

We are not unmindful of the per curiam in Zimmerman v. Texaco, Inc., 413 S.W.2d 387 (Tex.1967) but the cause of action alleged in the First Amended Original Petition by plaintiff in that case involved a damage suit for drainage, constituting a substantive property right. Any justiciable controversy here has to do with the formation by the Commission of a proration unit for allowable purposes. The allocation of acreage by the Railroad Commission to a proration unit such as the one here constitutes a different legal relationship in that only the allowable of the well is affected and not ownership. It exists as a creature of the Railroad Commission as a standard for measuring allowables.

■ In a declaratory judgment action, where the trial court declares upon matters where there is no justiciable controversy, it lacks jurisdiction. Where the trial court does not have jurisdiction, this court also lacks jurisdiction. Orange Independent School Dist. v. West Orange Independent School Dist., 390 S.W.2d 81 (Tex.Civ.App.-Beaumont, 1965, writ ref'd n. r. e.). If a trial court exercises jurisdiction where there is none, it is fundamental error and may be raised at any time. Murray v. Brisco, 209 S.W.2d 976 (Tex. Civ.App.-Galveston, 1948, no writ); Trouppy v. De Bus, 311 S.W.2d 431 (Tex.Civ. App.-Fort Worth, 1958, writ ref'd n. r. e.).

The record being completely clear of controversy over Phillips' right or power to contractual pooling or unitization, we believe the court below was without authority to declare on that subject.

This brings us to plaintiffs' point challenging the judgment's all-purpose adjudication; i.e., "Phillips must therefore operate each of Plaintiffs' tracts separately and distinctly from each other *for all purposes.*"

■ It would appear that the judgment sought and secured by appellees in the trial court was for the purpose of attempting to require drilling on their Tracts Two and Three as exceptions to Rule 37. In view of the disapproval by the Supreme Court of Texas in Railroad Commission v. Williams, 163 Tex. 370, 356 S.W.2d 131 (1961) and Coloma Oil & Gas Corporation v. Railroad Commission, 163 Tex. 483, 358 S.W.2d 566 (1962) of the so-called one-tract, one-well theory, we do not see a justiciable controversy of property rights in that connection such as to give jurisdiction to the trial court here.

■ Of course, there is a controversy over the validity of the proration unit formed by the Commission, but we believe the litigation of the question would be in a court of competent jurisdiction in Travis County. Article 6049c, Section 8, V.T.C.S.; Mueller v. Sutherland, 179 S.W.2d 801 (Tex.Civ.App.-El Paso, 1944, no writ); Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372 (1933).

The Supreme Court of Texas in Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73 (1939), in a suit involving a permit to drill, an issue similar if not basic to the question here, held as follows:

"Under our oil and gas conservation statutes 'Any interested person affected * * * by any rule, regulation or order made or promulgated by the Commission thereunder, * * * shall have the right to file a suit in a Court of competent jurisdiction in Travis County, Texas, and not elsewhere, * * * to test the validity of said laws, rules, regulations or orders. * * * In all such trials, the burden of proof shall be upon the party complaining of such laws, rule, regulation or order; and such laws, rule, regulation or order so complained of shall be deemed prima facie valid.' Section 8 of Article 6049c, Vernon's Tex.Civ.St.1936. Under the above statute the suit there provided for must be filed in a district court located in Travis County. It is too plain to admit of debate that, under our oil and gas conservation statutes, the Commission, being the statutory enforcement agency, must, as a general rule, also be the primary, or original, statutory fact finding agency. The Commission is given the power and is charged with the duty to make original rules and orders, proper and necessary to carry out and effectuate the aims and purposes of such statutes * * *

"As already noted, our oil and gas conservation statutes provide an appeal from the Commission to the District Court of Travis County, Texas. The action before us here is such an appeal. In ordinary civil actions the district court, or any other trial court, exercises original jurisdiction to find and determine all fact questions, as well as all law questions. The action provided by statute for an appeal to a district court of Travis County to review the rules and orders of the Commission is clearly not an ordinary civil action. To the contrary, it is a special statutory action to enforce a right which exists only by statute, and not under the Constitution or at common law. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364; Id., 122 Tex. 257, 59 S.W.2d 372."

We therefore believe, and so hold, that the court below was without jurisdiction to hold that the lands comprising the Bivins' "HH" Gas Proration Unit could not be attributed for proration purposes. Having so held, it is not necessary to pass upon the third point raised by Phillips.

The case is dismissed for lack of jurisdiction.