**Floyd MILLER, Appellant,**

v.

**D & H RIG SERVICE and Ed Davis, Individually and d/b/a D & H Rig Service, Appellees.**

No. 6312.

Court of Civil Appeals of Texas, El Paso.

June 27, 1973.

Rehearing Denied July 25, 1973.

John H. Green, Odessa, for appellant.

Scarborough, Black, Tarpley & Scarborough, Charles Scarborough, J. R. Black, Abilene, James R. Kerr, Fort Stockton, for appellees.

OPINION

WARD, Justice.

The Appellant, Floyd Miller, as an employee, sued Ed Davis, his employer, for negligence causing injuries which he suffered while working on a drilling rig. The Appellee, Ed Davis, had over three employees but was a non-subscriber of workmen's compensation. The Appellant then brought suit against the Tom Brown Drilling Company for the same injuries. This latter suit was settled and the case was dismissed with prejudice. The Appellee, Ed Davis, then moved for summary judgment in his case, the grounds of the motion

for summary judgment being that the Appellant had elected to proceed against the third party and thereby had waived his right to sue his employer. The trial Court entered summary judgment for the Defendant employer, which judgment we reverse and remand.

The summary judgment proof is to the effect that on March 8, 1967, the employee, Floyd Miller, while working on an oil rig in Pecos County, received serious head injuries when he was struck by a heavy steel jack. The employee filed the present suit against his employer, Ed Davis, who was alleged to have directed him to pull a pump-liner out of a mud pump located on the rig and to have been negligent in failing to have furnished safe and suitable equipment. The proof establishes that the employer was eligible to participate under the Workmen's Compensation Act but had elected to proceed as a non-subscriber. The workman then proceeded to file a separate suit against the third party, Tom Brown Drilling Company, alleging that it was the owner of the drilling rig and the steel jack and was negligent in operating the jack. Thereafter, the employee settled this third party action and that suit was dismissed with prejudice. It was at this point that the employer filed his successful motion for summary judgment in the Pecos County action on the basis that the employee had made a binding election in the proceedings against the third party and had thereby waived his rights to sue the employer asserting that the provisions of Section 6a of Article 8307, Vernon's Ann.Tex.Civ.St., of the Workmen's Compensation Act applied. We fail to see how this provision is any bar to the present action. When the compensation statute was passed in 1913 in Texas, there was no provision in it that required an employee to elect between suing a negligent third party and recovering compensation and the insurance carrier was not subrogated to the employee's rights against a third party where the carrier had paid the employee compensation. In that situation the carrier had no means to reimburse

itself. From 1913 to 1917, the injured employee could get a double recovery—one under the Compensation Act and the other under the common law. Section 6a was passed in 1917 as a remedy for these problems. Employers' Indemnity Corporation v. Felter, 277 S.W. 376 (Tex.Comm'n App. 1925); Consolidated Underwriters v. Kirby Lumber Co., 267 S.W. 703 (Tex.Comm'n App.1924). Now to the extent that the carrier had paid compensation to the employee, it is subrogated to the employee's right against the negligent third party. On the other hand, a conclusive election to proceed at law against the negligent third party at least to judgment is a bar to the employee's right to compensation and the execution of general release in favor of such a third party absolutely precluded the employee from his recovery of compensation. Hart v. Traders & General Ins. Co., 144 Tex. 146, 189 S.W.2d 493 (1945); Warneke v. Argonaut Insurance Company, 407 S.W.2d 834 (Tex.Civ.App.—El Paso 1966, writ ref'd n. r. e.); 11 Baylor L.Rev. 193. But all of this is applicable and beneficial only to the carrier of that employer who has elected to operate under the Compensation Act.

Here, we have an eligible employer who has rejected the Act. Such employer who is subject to the Act but who has rejected its provisions not only should be barred from asserting his common law defense but also should gain no immunities of the Act. Section 6a by its terms in referring to compensation and to the carrier is only benefiting the carrier. No rights are granted to the eligible nonsubscribing employer. The traditional tort principles of joint and several liability should control where such an employer and third party are liable for the injuries to the employee. 53 Am.Jur.2d, Sec. 397, p. 403. All that an employer has to assert against the third party tort-feasor would be the sometimes recognized common law right of action by a master to recover for loss of services of a servant wrongfully injured by a third person and this is an independent right of action be-

longing solely to the master. 57 A.L.R.2d 802. We have no contract of indemnity or subrogation rights of the master before us. 38 Tex.Jur.2d, Sec. 4, p. 135.

The release executed by the employee, Floyd Miller, in favor of the third party, Tom Brown Drilling Company, excepted from its effect any cause of action that the employee might have against the employer, and that cause of action is preserved. The release is no problem. McMillen v. Klingensmith, 467 S.W.2d 193 (Tex.Sup.1971). The amount of possible recovery is not before us. Palestine Contractors, Inc. v. Perkins, 386 S.W.2d 764 (Tex.Sup.1964).

The judgment of the trial Court is reversed and the cause remanded for trial.