**Edith CRAIN, Individually and as n/f of Karen Sue Crain, etc., Appellants,**

v.

**Maurice M. THOMPSON, Appellee.**

**No. 18330.**

Court of Civil Appeals of Texas, Dallas.

May 16, 1974.

Rehearing Denied June 13, 1974.

Morton Rudberg, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellants.

Douglas A. Barnes, Keck & Barnes, Dallas, for appellee.

BATEMAN, Justice.

This is an appeal from a take-nothing summary judgment. It appears from the undisputed summary-judgment evidence that appellants are the surviving widow and minor children of Joe Weldon Crain, who was fatally injured while employed by appellee; that during such employment, until approximately one month prior to Crain's injury, appellee was a subscriber under the Texas Workmen's Compensation Act, Vernon's Tex.Rev.Civ.Stat.Ann. art. 8306 (Vernon 1967), but had allowed his insurance to lapse; that he failed to notify Crain that he was no longer a subscriber; that appellants did not file a claim within six months after Crain's death.

■ The only ground of appellee's motion for summary judgment was the failure to file a claim within six months. He claimed such timely filing, or a showing of good cause for late filing, was required under Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a (Vernon 1967), and that the cause of action was therefore barred. We do not agree with appellee. Since there was no workmen's compensation insurance here and no claim against any insurance company pursuant to the Workmen's Compensation Act, there is no basis for applying any of the procedural limitations of the Act. They are applicable only to claims asserted under the Act. Appellants are suing, not for benefits provided under the Act, but for damages at common law for breach of contract.

They take the position that when appellee provided workmen's compensation insurance covering Crain for a period of time such insurance coverage was an integral part of the employment contract; it was a portion of the consideration for Crain's labor; and that appellee agreed, at least impliedly, that he would continue to furnish such protection or, upon being unable or unwilling to do so, would notify Crain of the lapse, or impending lapse, so that Crain might try to renegotiate the contract of employment or, if he desired, seek employment elsewhere. We agree. This was the essence of the holding of the Supreme Court in Anderson-Berney Realty Co. v. Soria, 123 Tex. 100, 67 S.W.2d 222 (1933).

■ We do not agree with appellee's contention that, merely because appellants must turn to the Act to establish the amount of their damages, they are bound by the provisions relating to the time for filing claims.

Our conclusions are supported in principle by the decisions in cases involving voluntary insurance coverage where the amount of recovery is measured by the appropriate provisions of the Workmen's Compensation Law of whatever state may be referred to in the policy. Employers Mutual Casualty Co. v. Poorman, 428 S. W.2d 698 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.); and United States Fidelity & Guaranty Co. v. Valdez, 390 S.W.2d 485 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.). Those cases hold that the rights and obligations of the parties are governed by the contract of insurance and that the Act is applicable only to the extent the parties have agreed in their contract that it be applicable, i. e., for the sole purpose of measuring the amount to which the injured employee is entitled. *See* also Miller v. D & H Rig Service, 497 S.W.2d 539 (Tex.Civ.App.—El Paso 1973, writ ref'd).

For these reasons, we hold that appellee failed to carry his burden of showing the absence of genuine issues as to material facts and that he was entitled to judgment as a matter of law. We sustain appellant's

first two points of error, which challenge the judgment on this ground. It is unnecessary for us to pass upon the remaining points of error, which relate to the situation that would exist if we were to hold that the provisions of the Act requiring claims to be filed within six months applied.

Reversed and remanded.