SCHOEPFLIN 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00021-CV







Carole G. Schoepflin, Individually & as Trustee for the Schoepflin 


Living Trust, Appellant



v.



James C. Alley & Ada L. Alley; William G. Bannon & Dorothy J. Bannon; Bryan R.

Crawley & Cheryl L. Crawley; William L. Dyess & Cynthia Ann Dyess; Richard L.

Elsasser & Gayle Elsasser; Richard J. Fleming; Richard W. Gooch & Terri A.


Gooch; Dr. Richard Harbolovic & Valerie F. Harbolovic; Dr. K. E. Hunt &


Mrs. K. E. Hunt; Benjamin F. Jones III & Eileen B. Jones; Bruce R. Katt & 


Patricia A. Katt; Louis D. Lorenzo & Barbara J. Lorenzo; Joseph J. Lovoi, Sr.


& Mrs. Joseph J. Lovoi, Sr.; George C. Macauley & Linda W. Macauley;


Gilbert R. Martinez & Sherry A. Martinez; Joe T. Minarovic & Wendy Minarovic; 


Ron Shelly & Nancy L. Shelly; Rick H. Trommer & Sherry R. Trommer; 


Bruce J. Wilkie & Diane L. Wilkie, Appellees







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 92-343-C368, HONORABLE BURT CARNES, JUDGE PRESIDING







 Appellees, a number of property owners in the Logan Ranch Subdivision, brought
a suit for declaratory judgment requesting the district court to construe and enforce a single-family
residential use provision in the subdivision deed restrictions against appellant Carole G.
Schoepflin. After a bench trial, the trial court rendered judgment declaring the provision valid
and construing the provision to permanently enjoin Schoepflin from engaging in certain
commercial activities relating to the monkeys she plans to keep on her lot. 

 Schoepflin, individually and as trustee for the Schoepflin Living Trust, appeals
from the judgment, contending that the declaratory judgment and accompanying permanent
injunction were rendered despite the fact that there was no evidence that she ever intends to
engage in any commercial enterprise in any way related to her pet monkeys and despite clear
evidence that she keeps the monkeys strictly as pets. We will reverse those portions of the 
judgment granting injunctive relief and denying Schoepflin's request for attorney's fees; dismiss
those portions of the declaratory judgment that construe the deed restrictions as prohibiting
enumerated commercial activities relating to Schoepflin's monkeys; and remand the cause to the
trial court for further consideration regarding certain miniature monkeys known as marmosets and
for reconsideration of attorney's fees in light of the final result.


 

BACKGROUND


 Schoepflin and her family moved onto a five-acre lot in Logan Ranch in August
1992. The subdivision, which is located in Williamson County near the city of Georgetown, is
subject to deed restrictions typical of a rural residential subdivision. The only restriction relevant
to this controversy provides that Logan Ranch property "shall be used for single-family residential
purposes only and no part of same shall ever be used for any business or commercial purpose or
for carrying on a trade or profession."

 After moving into her Logan Ranch home, Schoepflin moved three pet monkeys
onto the property and began construction of three large cages behind the house, two of which she
testified were to be used as monkey cages. Schoepflin has kept pet monkeys since she was nine
years old, and the Schoepflin Living Trust purchased the Logan Ranch property only after
receiving advice from two attorneys that the deed restrictions in that subdivision would not
prohibit the keeping of pet monkeys on the property. Apart from her miniature monkeys,
Schoepflin had seven monkeys at the time of trial. At trial, Schoepflin testified that the maximum
number of monkeys she would consider keeping on her property, not including the marmosets and
other miniatures, which weigh less than one pound each, would be four monkeys over five pounds
and eight monkeys under five pounds. (1)

 Appellees filed suit on November 10, 1992, pleading that Schoepflin's use and
intended use of her property in Logan Ranch was a substantial breach of the single-family
residential use provision of the deed restrictions. Appellees requested that the trial court
permanently enjoin Schoepflin from using her property for the purpose of "[k]eeping, housing or
otherwise maintaining any wild animals" or "keeping, housing or otherwise maintaining any
animals . . . on [her] property . . . pursuant to a Federal business or professional license." 

 In order to prove that Schoepflin intended to use her Logan Ranch property for
purposes outside the scope of the single-family use provision, appellees introduced evidence at
trial that Schoepflin filed an application with the United States Department of Agriculture
("USDA") for an exhibitor's license for her Logan Ranch property in late October 1992. (2) The
USDA declined to issue the requested license. (3) Appellees also introduced evidence that Schoepflin
had been involved in a proposed 1500-monkey facility in California a few years earlier. In
addition, Merlin Lester, the person from whom Schoepflin purchased the Logan Ranch property,
testified that Schoepflin told him that she was involved in behavioral research on monkeys and that
there was a lot of money in that; however, he admitted that Schoepflin never said she was making
money from such research. He further testified that Schoepflin told him she had some sick
monkeys and that they discussed extra washing machines and incubators in connection with
treating those monkeys. Lester also stated that Schoepflin and her husband mentioned to him that
they were acquiring other property outside of Logan Ranch to go into a large scale operation
involving behavioral research on monkeys. (4)

 Both Schoepflin and appellees requested a declaratory judgment construing the deed
restrictions for Logan Ranch. In its judgment, the trial court determined that the single-family
residential use provision for Logan Ranch had not been waived and that the provision includes
within its meaning the right to keep a reasonable number of household pets incidental to typical
single-family use, including the right to keep a reasonable number of small, tame monkeys solely
as household pets. The trial court decided that the number and type of monkeys that Schoepflin
testified at trial was the maximum she anticipated keeping on her Logan Ranch property, "to-wit:
not more than 4 monkeys, each of which would weigh more than 5 pounds but less than 20
pounds, . . . ; plus not more than 8 monkeys, none of which would exceed 5 pounds in weight,"
would not exceed what may reasonably be considered as incidental to single-family residential use
under the deed restrictions for this particular subdivision. However, the trial court concluded that
the single-family use provision does prohibit certain activities: keeping animals (5) on the property
pursuant to a federal license, medical and behavioral research on animals, medical rehabilitation
of animals belonging to another, breeding animals for sale, and buying or receiving animals for
resale. Accordingly, the trial court permanently enjoined Schoepflin from engaging in any of
these prohibited activities on her property. 



DISCUSSION


 In twenty-three points of error, Schoepflin challenges the declaratory judgment and
the permanent injunction. We will address four key arguments raised by Schoepflin. She
contends that the trial court: (1) abused its discretion by enjoining Schoepflin from keeping
monkeys on her property pursuant to a federal license because such an injunction is so broad as
to prohibit her from enjoying lawful rights; (2) abused its discretion by enjoining Schoepflin from
engaging in the other prohibited activities because there was no evidence or insufficient evidence
that Schoepflin ever engaged in or intended to engage in such activities and, thus, no showing of
a threat of irreparable harm; (3) erred in declaring that the residential use provision proscribed
the prohibited activities because there was no justiciable controversy concerning any of the
activities; and (4) erred by failing to issue a declaration as to whether the keeping of marmosets
in addition to the twelve monkeys described in the judgment would violate the residential use
provision of the deed restrictions. 



A.  The Permanent Injunction

 A successful applicant for injunctive relief must demonstrate: (1) the existence of
a wrongful or unlawful act; (2) the existence of imminent harm; (3) the existence of irreparable
injury; and (4) the absence of an adequate remedy at law. Frey v. DeCordova Bend Estates
Owners Ass'n, 632 S.W.2d 877, 881 (Tex. App.--Fort Worth 1982), aff'd, 647 S.W.2d 246 (Tex.
1983). The grant of an injunction is ordinarily within the sound discretion of the trial court. On
appeal, review of the trial court's action is limited to the question of whether the action constituted
a clear abuse of discretion. See Janus Films, Inc. v. City of Fort Worth, 358 S.W.2d 589, 589
(Tex. 1962); Priest v. Texas Animal Health Comm'n, 780 S.W.2d 874, 875 (Tex. App.--Dallas
1989, no writ). 

 In its judgment, the trial court declared that keeping animals on the Logan Ranch
property pursuant to a federal license violated the single-family residential use provision of the
deed restrictions and accordingly enjoined Schoepflin from keeping monkeys on the property
pursuant to a federal license. We are sympathetic to the difficulty the trial court faced in
attempting to tailor a remedy in this dispute, but we are concerned that the trial court abused its
discretion by issuing an injunction that is so broad as to prohibit Schoepflin from enjoying lawful
rights.

 The trial court abuses its discretion when it issues an injunction that enjoins both
legal and illegal acts if the acts of the party are divisible into lawful and unlawful conduct. "[A]n
injunctive decree should not issue to restrain actions that are legal or about which there is no
asserted complaint." Hellenic Inv., Inc. v. Kroger Co., 766 S.W.2d 861, 867 (Tex.
App.--Houston [1st Dist.] 1989, no writ) (holding unenforceable an injunction against the operation
of a "night club" in a shopping center that defined night club as an establishment with gross food
sales making up less than seventy percent of gross sales from all sources).

 Appellees' sole basis for bringing their lawsuit was their allegation that Schoepflin's
conduct or intended conduct violated the Logan Ranch deed restrictions. The injunction against
possessing monkeys under a federal license fails to define the precise licenses or types of licenses
included in the prohibition and in no way limits the injunction to prohibit only the keeping of
monkeys pursuant to a federal license in violation of the deed restrictions. If Schoepflin needed
a federal license to own a pet monkey, possession of a monkey pursuant to such a license would
not violate the deed restrictions. Similarly, if Schoepflin needed a federal license to show her pet
monkeys to a group of neighbors in order to quell their fears that the monkeys posed a threat to
the neighborhood, possession of monkeys pursuant to such a license would not violate the deed
restrictions. By contrast, if Schoepflin wanted a federal license in order to operate a research
facility for monkeys, possession of monkeys pursuant to such a license would likely violate the
single-family use provision because Schoepflin would be using her property for nonresidential
purposes. Since the injunction issued by the trial court fails to distinguish between such lawful
and unlawful purposes, it is overly broad. (6) 

 Even if the court had tailored its judgment to enjoin only the keeping of monkeys
pursuant to a federal license in violation of the deed restrictions, we would still find that the trial
court had abused its discretion, but for a different reason. In such a situation, the trial court
would have abused its discretion by ordering injunctive relief to prohibit anticipated conduct, not
present unlawful conduct, because there is no evidence that Schoepflin intended to keep monkeys
pursuant to a federal license that violated the deed restrictions. See Frey, 632 S.W.2d at 881
(holding injunctive relief improper without proof of unlawful conduct or intent to commit an
unlawful act). 

 A trial court must find that the defendant engaged in or intends to engage in an
unlawful act before it can enjoin the conduct. The wrongful act to be prevented in this case was
the violation of the deed restrictions. The court determined in its judgment that owning a
reasonable number of pets, including monkeys, does not violate the deed restrictions. Therefore,
in the absence of any showing that Schoepflin engaged in or intended to engage in an activity
relating to her monkeys that violated the deed restrictions, she should not have been enjoined from
engaging in such activities. See Loccous v. J. C. Kinley Corp., 376 S.W.2d 336, 341 (Tex.
1964); Hermann Hosp. v. Thu Nga Thi Tran, 730 S.W.2d 56, 58 (Tex. App.--Houston [14th Dist.]
1987, no writ) ("Since the evidence shows no intention on the part of appellant to do the things
sought to be enjoined, the injunction should have been denied."). 

 Schoepflin contends that appellees failed to produce any evidence that she had
engaged in or intended to engage in any activity that violated the deed restrictions. In deciding
a no-evidence point, we must consider only the evidence and inferences tending to support the
finding of the trier of fact and disregard all evidence and inferences to the contrary. Alm v.
Aluminum Co. of Am., 717 S.W.2d 588, 593 (Tex. 1986), cert. denied, 111 S.Ct. 135 (1990);
Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965). See generally William Powers, Jr. & Jack
Ratliff, Another Look at "No Evidence" and "Insufficient Evidence", 69 Tex. L. Rev. 515 (1991). 
The evidence appellees presented at trial established that Schoepflin owned monkeys, had begun
construction of at least two cages for her monkeys on her property, had referred to incubators and
extra washing machines in her discussion with Lester and had claimed to have been involved with
behavioral research on monkeys. Appellees' evidence also established that Schoepflin had
considered building a large monkey facility in California years before, that she applied for a
federal exhibitor's permit in October 1992, which was denied, and that she was looking into
buying property outside Logan Ranch. None of this evidence, independently or cumulatively,
constitutes proof that Schoepflin had engaged in or intended to engage in any of the activities
prohibited by the injunction. 

 Past acts and practices will not furnish a basis for injunctive relief unless it is
shown that they probably will recur. Burkland v. Hackett, 575 S.W.2d 389, 392 (Tex. Civ.
App.--Tyler 1978, no writ). Thus, the fact that Schoepflin had considered building a facility in
California is an insufficient basis for injunctive relief because appellees produced no evidence to
show that such conduct probably would occur on the Logan Ranch property. Neither will an
injunction lie to prevent an alleged threatened act, the commission of which is purely speculative,
or an anticipated act because such an act creates neither imminent harm nor irreparable injury. 
See Frey v. DeCordova Bend Estates Owners Ass'n, 647 S.W.2d 246, 248 (Tex. 1983)
(determining that a trial court should deny injunctive relief if fear or apprehension of the
possibility of injury is the sole basis for injunctive relief); Mother & Unborn Baby Care of N.
Tex., Inc. v. Doe, 689 S.W.2d 336, 338 (Tex. App.--Fort Worth 1985, writ dism'd) ("The
testimony of `fear', `apprehension', and `possibilities' is not sufficient to establish any injury,
let alone `irreparable injury.'"); Schulman v. City of Houston, 406 S.W.2d 219, 225 (Tex. Civ.
App.--Tyler 1966, writ ref'd n.r.e.). 

 Furthermore, injunctions are extraordinary writs issued only to prevent imminent
harm. Priest, 780 S.W.2d at 883 ("Injunction is a harsh remedy and must be carefully regulated
and confined to proper cases."). Absent a showing that Schoepflin's conduct or intended conduct
posed a threat of imminent harm to appellees, the court should not have granted the injunction. 
Schoepflin's statements to Lester concerning her involvement in behavioral research, the
incubators, and the extra washing machines, along with the evidence concerning the cages,
Schoepflin's application for a federal permit, her contemplated purchase of additional property
outside of Logan Ranch, and her past activities in California provide nothing more than grounds
for speculation that she would keep monkeys on her Logan Ranch property for purposes that
violated the deed restrictions. The mere prospect that Schoepflin might someday engage in
activity that violates the Logan Ranch deed restrictions is not a sufficient basis for an injunction. 
Because appellees failed to establish that Schoepflin intended to engage in conduct that violated
the deed restrictions and that Schoepflin's conduct posed a threat of imminent harm and
irreparable injury, the trial court abused its discretion in ordering the injunction. We accordingly
sustain Schoepflin's points of error one through four, six, ten, twelve, and fourteen. 



B.  The Declaratory Judgment

 A court has the power to declare the rights, status, and other legal relations
between parties when there is a real matter in controversy. Tex. Civ. Prac. & Rem. Code Ann.
§ 37.003 (West 1986). A declaratory judgment should not issue unless a justiciable controversy
exists between the parties. Section 37.003 gives a court no power to issue advisory opinions (7) or
to determine matters not essential to the decision of an actual controversy although such questions
may in the future require adjudication. California Prod., Inc. v. Puretex Lemon Juice, Inc., 334
S.W.2d 780, 782 (Tex. 1960). "To constitute a justiciable controversy, there must exist a real and
substantial controversy involving a genuine conflict of tangible interests and not merely a
theoretical dispute." Scurlock Permian Corp. v. Brazos County, 869 S.W.2d 478, 487 (Tex.
App.--Houston [1st Dist.] 1993, writ denied). See also Beacon Nat'l Ins. Co. v. Texas State Bd.
of Ins., 598 S.W.2d 694, 696 (Tex. Civ. App.--Austin 1980, writ ref'd n.r.e.) (noting that a court
will not declare rights on occurrences that are uncertain, contingent, and which may never
happen). 

 There is no justiciable controversy before the court when the existence of a
controversy is dependent upon the happening of some future event, Firemen's Ins. Co. v. Burch,
442 S.W.2d 331, 334 (Tex. 1968), or when there is no real intent to commit an unlawful act. 
Spradley v. Whitehall, 314 S.W.2d 615, 619 (Tex. Civ. App.--Fort Worth 1958, no writ) (holding
that no justiciable controversy existed in the absence of any real threat or intention to violate a
restrictive covenant). For example, if Schoepflin had been breeding monkeys for resale on her
property in violation of the residential use only provision, a justiciable controversy would have
been before the court. However, the justiciable controversy would not have existed until she
began actual preparations for such breeding. As previously discussed, there is no evidence that
Schoepflin has engaged in or intends to engage in any of the prohibited activities on her Logan
Ranch property. Thus, the trial court erred in declaring that the residential use provision of the
deed restrictions disallowed the prohibited activities because there was no justifiable controversy
concerning any of these activities by Schoepflin. (8)

 A trial court lacks jurisdiction in a declaratory judgment action to declare rights
when there is no justiciable controversy. Phillips Petroleum Co. v. Bivins, 423 S.W.2d 340, 345
(Tex. Civ. App.--Amarillo 1967, writ ref'd n.r.e.). The trial court's exercise of jurisdiction where
there is none constitutes fundamental error that may be raised at any time. Id. When the trial
court lacks jurisdiction, the appellate court likewise lacks jurisdiction. Id. Because there was no
justiciable controversy in the present case, the trial court lacked jurisdiction to render that portion
of the judgment purporting to declare that the deed restrictions forbade the prohibited activities. 
We therefore sustain Schoepflin's points of error sixteen through twenty.

 There was, however, a justiciable controversy over whether Schoepflin's possession
of pet monkeys on her property violated the deed restrictions. The trial court declared that
possession of twelve pet monkeys would not exceed what may reasonably be considered as
incidental to single-family residential use under the deed restrictions. However, the judgment
failed to account for the marmosets Schoepflin testified that she planned to keep in addition to the
twelve monkeys. Accordingly, Schoepflin asks this Court to remand to the trial court for a
declaration concerning the marmosets. 

 We agree with Schoepflin's contention that the court erred by failing to include in
the judgment a declaration concerning Schoepflin's pet marmosets. In a suit for declaratory relief,
the trial court has the discretion to render a judgment declaring the rights of the parties only as
to some of the issues raised. Southern Nat'l Bank v. City of Austin, 582 S.W.2d 229, 237 (Tex.
Civ. App.--Tyler 1979, writ ref'd n.r.e.). However, the trial court has limited discretion to refuse
a declaratory judgment only when the judgment would not remove the uncertainty giving rise to
the proceeding. Tex. Civ. Prac. & Rem. Code Ann. § 37.008 (West 1986); James v. Hitchcock
Indep. Sch. Dist., 742 S.W.2d 701, 704 (Tex. App.--Houston [1st Dist.] 1987, writ denied). 
Because a declaration by the trial court concerning the marmosets would remove any lingering
uncertainty regarding Schoepflin's right to keep her pets on her property, we sustain Schoepflin's
twenty-first point of error and remand the case to the trial court for a declaration concerning the
marmosets. 



CONCLUSION


 Appellees failed to produce any evidence that Schoepflin engaged in or intended
to engage in any of the prohibited activities. Additionally, there was no evidence that Schoepflin's
conduct posed a threat of imminent harm and irreparable injury to the appellees.

 We therefore reverse those portions of the trial-court judgment granting injunctive
relief and denying Schoepflin's request for attorney's fees and render judgment denying all
injunctive relief. We dismiss those portions of the declaratory judgment which declare that the
prohibited activities violate the deed restrictions for lack of jurisdiction. We remand the cause
to the trial court for a declaration concerning the marmosets and for reconsideration of
Schoepflin's claim for attorneys' fees in light of the final result. See Tex. Civ. Prac. & Rem.
Code Ann. § 37.009 (West 1986) (allowing the court to award reasonable and necessary attorney's
fees as are equitable and just).



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Powers and B. A. Smith


Reversed and Rendered in Part; Reversed and Remanded in Part


Filed: March 8, 1995


Do Not Publish
1.   Schoepflin testified that she never intended to have more than 12 monkeys, not
including the marmosets: "[W]e're lumping them together to try to give you like a total
number of 12, bigger than 12 ounce guys [the marmosets]."
2.   Appellees contend that Schoepflin applied for the federal permit to circumvent
Williamson County wild animal regulations. In a letter dated October 29, 1992 attached
to her license application, Schoepflin offered her reason for applying for the permit: "I
would like to show approx. 50 Logan Ranch Road neighbors my pets so that they will see
that what Mr. Fred List told them about me, is false. I have never had a baboon, much
less an AIDS infected one. . . . We do not want to be in violation of not having an
exhibitors permit if Mr. List tries to turn us in for not having one when he finds out that
his neighbors were invited to see our pets." Fred List, a Logan Ranch property owner,
had started rumors that Schoepflin planned to keep 2000 monkeys on her property. List
had also reported Schoepflin to the Texas Water Commission for having AIDS-infected
baboons and for dumping AIDS-infected baboon feces into the Edwards Aquifer drinking
water.
3.   The USDA did not issue the license because it determined that Schoepflin did not
meet the USDA definition of exhibitor because she only wanted to show the monkeys to
her neighbors. Accordingly, Schoepflin did not need a permit.
4.   Schoepflin contradicted his testimony, testifying that they were considering the
purchase of industrial property as an investment. 
5.   In the injunction, the court substituted the word "non-human primates" for
"animals." The term non-human primates refers to monkeys.
6.   Appellees contend that Schoepflin applied for the federal license in order to
circumvent a county wild animal ordinance adopted by the Williamson County
Commissioners' Court on July 25, 1988. However, a court should not issue an injunction
to restrain the commission of a threatened act merely to prevent a violation of a law,
especially where the law itself provides penalties for its violations. Pitman v. State, 234
S.W.2d 436, 439 (Tex. Civ. App.--Texarkana 1950, no writ). There is an exception to this
rule: a court will interfere when necessary to protect civil or property rights. Gluck v. Texas
Animal Health Comm'n, 510 S.W.2d 412, 415 (Tex. Civ. App.--San Antonio 1973, writ ref'd
n.r.e.). Appellees must therefore prove that the federal license application posed a threat to
their property rights, i.e., a threat of violation of the Logan Ranch deed restrictions. The trial
court concluded in its judgment that keeping pet monkeys--apparently even if those monkeys
must be kept pursuant to a county variance in order to comply with a wild animal law--is not
inconsistent with single-family residential use and thus does not violate the deed restrictions.
7.   An advisory opinion is one in which the judgment addresses only a hypothetical
injury rather than remedying an actual or imminent harm. See Texas Ass'n of Business v.
Texas Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).
8.   Likewise, while there is evidence that Schoepflin applied for a federal license, there
is no evidence that she applied for a federal license in violation of the Logan Ranch deed
restrictions. As discussed earlier, possession of a monkey pursuant to a federal license is not a
per se violation of the deed restrictions.