

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00272-CV

SUSAN HARRINGTON AND KATHLEEN KILGORE, APPELLANTS

V.

LONE STAR NGL PIPELINE LP, APPELLEE

On Appeal from the 13th District Court
Navarro County, Texas
Trial Court No. 07-15890-CV, Honorable James Lagomarsino, Presiding

July 29, 2016

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellants Susan Harrington and Kathleen Kilgore sued Magellan Pipeline Company, L.P., seeking a declaratory judgment and money damages, alleging Magellan trespassed on their property by placing pipelines outside its easement. Magellan filed a counterclaim seeking a declaration it had the right to lay the pipelines under the existing easement. After several years of litigation, Harrington and Kilgore joined appellee Lone Star NGL Pipeline, L.P. to their lawsuit, seeking a declaratory judgment. By motion for summary judgment, Lone Star asserted the trial court lacked

subject-matter jurisdiction to adjudicate Harrington and Kilgore's claim against it for declaratory relief. The motion was granted and Harrington and Kilgore's claim against Lone Star was severed from their claims against Magellan. Harrington and Kilgore appeal, and we will affirm the judgment.

Background[1]

The litigation involves a tract of some 100 acres in Navarro County, Texas. The tract was owned for several generations by members of Harrington and Kilgore's family. It is traversed by a number of underground pipelines.

Harrington and Kilgore each inherited an undivided four percent interest in the tract. They filed suit against Magellan in 2007. Their suit complains of pipelines Magellan or its predecessor built across the 100-acre tract in 1999 and 2005. After suit was filed, Magellan purchased the other ninety-two percent interest in the tract, and filed amended pleadings for a partition. The partition was accomplished in kind, with the result that Harrington and Kilgore each own five acres in the southwest corner of the tract. No pipelines cross either of the five-acre tracts.

In 2011, the Waco Court of Appeals issued its opinion in a previous appeal, brought by Harrington and Kilgore after the trial court rendered a summary judgment for Magellan on its counterclaim for declaratory relief. The court held that the instruments under which Magellan held its easement, those being a 1919 easement granted by H.

---

[1] Because this is the review of a summary judgment, we take as true all evidence favorable to the nonmovants, Harrington and Kilgore, and indulge every reasonable inference and resolve any doubts in their favor. *Kachina Pipeline Co. v. Lillis,* 471 S.W.3d 445, 449 (Tex. 2015); *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency,* 390 S.W.3d 289, 292 (Tex. 2013).

P. Ross, Harrington and Kilgore's great-grandfather, and a 1997 partial assignment of the easement to Magellan's predecessor, are ambiguous. The court therefore reversed the summary judgment and remanded the cause to the trial court.[2]

In 2013, Harrington and Kilgore filed their amended pleadings adding Lone Star as a defendant. They alleged Lone Star is the successor-in-interest to the assignor of the 1997 partial assignment, and thus is the owner of easement rights not held by Magellan. As noted, they sought only declaratory relief against Lone Star. In an interrogatory response, they elaborated on their reason for making Lone Star a defendant:

> Lone Star NGL Pipeline Company is a necessary party to this suit because the factfinder is being asked to determine its rights under the easement. More specifically, this suit seeks to determine (i) where future pipelines can be laid across the property under the easement's multiple line rights clause, and (ii) whether, after giving effect to the 1997 Partial Assignment of the easement, Lone Star NGL Pipeline Company or Magellan possesses the right to lay additional pipelines under the multiple line rights clause . . . .

Lone Star's traditional summary judgment motion acknowledged it and Magellan each own easement rights that were granted under the 1919 easement and were addressed in the 1997 partial assignment. Its summary judgment proof established it owns two pipelines that cross the 100-acre tract.

In deposition testimony, Harrington acknowledged she does not claim any wrongdoing by Lone Star. She believes the pipelines owned by Lone Star on the property are within its easement and that Lone Star has the right to lay multiple lines

---

[2] *Harrington v. Magellan Pipeline Co.,* No 10-09-00131-CV, 2011 Tex. App. LEXIS 9844 (Tex. App.—Waco Dec. 14, 2011, no pet.) (mem. op.). Additional background facts may be found in the Waco court's opinion.

3

under the 1919 easement. When asked why she joined Lone Star to the lawsuit Harrington testified, "To help clarify if Lone Star actually is the one that owns the multiple line rights that Magellan is claiming that they have instead." Kilgore acknowledged she has no complaints with the pipelines Lone Star owns on the land. She agrees that Lone Star has the right to lay multiple lines on the property.

Lone Star's summary judgment proof also includes its Vice President's affidavit confirming that the company "does not claim any easement rights over [Harrington's and Kilgore's] two partitioned tracts, it does not own or maintain any pipelines on [Harrington's and Kilgore's] two partitioned tracts, and it considers its easement on the [property] to be fixed in place where its pipelines presently exist."

Lone Star's motion asserted the trial court lacked subject-matter jurisdiction over the claim against it because, among other reasons, no justiciable controversy existed between it and Harrington and Kilgore. The trial court granted the motion. Thereafter, on Lone Star's motion the trial court severed Harrington and Kilgore's declaratory judgment action against Lone Star from their case against Magellan.

## Analysis

In their first issue, Harrington and Kilgore assert the trial court abused its discretion by denying their unsworn motion to extend the deadline for responding to Lone Star's motion for summary judgment. TEX. R. CIV. P. 166a(c) (the nonmovant in a summary judgment proceeding may file and serve opposing affidavits or other written response no later than seven days prior to the scheduled date of the hearing). Harrington and Kilgore's response to Lone Star's motion was filed within seven days of

4

the summary judgment hearing and was accompanied by a motion asking the trial court to extend the deadline so that its otherwise untimely-filed response would be timely. *See Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex. 1996) (explaining that without an order granting leave, untimely filed summary judgment evidence is not before the court). According to the motion, Harrington and Kilgore sought additional time because their counsel "incorrectly calendared" the deadline to file a response. Lone Star filed a written response opposing the requested extension of time. The court denied Harrington and Kilgore's motion for additional time.

Because the motion was unsworn and unaccompanied by an affidavit, it was within the court's discretion to deny it. *See Ramsey v. Criswell,* 850 S.W.2d 258, 259-60 (Tex. App.—Texarkana 1993, no writ) (concerning withdrawal of deemed admissions, the necessary good cause showing must be made by evidence); *see generally Wheeler v. Green,* 157 S.W.3d 439, 442 (Tex. 2005) (per curiam) ("the standards for withdrawing deemed admissions and for allowing a late summary-judgment response are the same").

Further, the evidence Harrington and Kilgore submitted with their late-filed summary judgment response consisted of a copy of the Waco Court of Appeals' 2011 opinion in the first appeal, a copy of a motion for summary judgment filed by Magellan on December 8, 2008, and a copy of Magellan's first amended answer and counterclaim. Consideration of those documents would not have called for a different ruling on Lone Star's motion for summary judgment.

For those reasons, Harrington and Kilgore's first issue is overruled.

By their second issue, Harrington and Kilgore challenge the propriety of the trial court's grant of summary judgment for Lone Star based on the absence of subject-matter jurisdiction.

"A summary judgment motion challenging jurisdiction may challenge either the pleadings or the existence of jurisdictional facts." *Montrose Mgmt. Dist. v. 1620 Hawthorne, Ltd.,* 435 S.W.3d 393, 402 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226-27 (Tex. 2004)). When a motion for summary judgment challenges jurisdictional facts, we resolve the jurisdictional issue by considering relevant evidence filed by the parties. *Id.* If the evidence raises a question of material fact on the jurisdictional issue, then summary judgment on the jurisdictional challenge is improper and the question must be resolved by the factfinder. *Id.* However, if the competent summary judgment evidence is conclusive on the jurisdictional challenge, summary judgment is proper. *Id.* Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex. 2005). We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). When the trial court does not specify the ground for its ruling, the summary judgment must be affirmed if any ground on which judgment was sought has merit. *Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency,* 390 S.W.3d at 292.

The Uniform Declaratory Judgment Act (UDJA)[3] functions remedially "'to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations.'" *City of El Paso v. Heinrich,* 284 S.W.3d 366, 370 (Tex. 2009) (quoting TEX. CIV. PRAC. & REM. CODE § 37.002(b)). The purpose of a declaratory judgment action is to establish existing rights, status, or other legal relations. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995); *Republic Ins. Co. v. Davis,* 856 S.W.2d 158, 164 (Tex. 1993). A declaratory judgment is appropriate only if there exists a justiciable controversy about the rights and status of the parties and the declaration will resolve the controversy. *See Bonham State Bank,* 907 S.W.2d at 467. The UDJA does not provide the parties additional substantive rights, and does not expand the court's jurisdiction. *Rush v. Barrios,* 56 S.W.3d 88, 105 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). "The provisions of [the UDJA] authorizing the bringing of suit for a declaratory judgment, do not in any way change the law as to jurisdiction of Texas courts." *Connor v. Collins,* 378 S.W.2d 133, 134 (Tex. Civ. App.—San Antonio 1964, writ dism'd).

"To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Prot. Ass'n,* 640 S.W.2d 778, 779-80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.); *see Phillips Petroleum Co. v. Bivins,* 423 S.W.2d 340, 345 (Tex. Civ. App.—Amarillo 1967, writ ref'd n.r.e.); *Reuter v. Cordes-Hendreks Coiffures, Inc.,* 422 S.W.2d 193, 196 (Tex. Civ. App.—Houston [14th Dist.] 1967, no writ). A declaratory judgment

---

[3] TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (West 2015).

capable of resolving a justiciable controversy must be distinguished from an advisory opinion. *Skalak v. Book,* No. 03-11-00595-CV, 2012 Tex. App. LEXIS 8226, at *9 (Tex. App.—Austin Sept. 26, 2012, no pet.) (mem. op.). A court lacks authority to render a judgment that is merely advisory. *Patterson v. Planned Parenthood of Houston & Se. Tex, Inc.,* 971 S.W.2d 439, 443 (Tex. 1998). Thus the UDJA does not empower a court to rule on hypothetical or contingent situations, or to determine questions not essential to the decision of an actual controversy, even if future adjudication of the question may be necessary*. OHBA Corp. v. City of Carrollton,* 203 S.W.3d 1, 6 (Tex. App.—Dallas 2006) (citing *Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331, 333 (Tex. 1968)). In the absence of a justiciable controversy, a case must be dismissed for want of subject-matter jurisdiction. *Skalak,* 2012 Tex. App. LEXIS 8226, at *9.

The Waco Court of Appeals held the 1919 easement and the 1997 partial assignment are each capable of more than one reasonable interpretation and are therefore ambiguous. *Harrington*, 2011 Tex. App. LEXIS 9844, at *6, 9. As for the 1997 partial assignment, it found reasonable Harrington and Kilgore's interpretation that the assignment was only for the rights to a single pipeline, the Telescope pipeline, and all other rights, including the right to lay multiple lines, were retained by the assignor. It also found reasonable Magellan's explanation that the assignor and assignee each possess the "same broad easement rights under the 1919 Easement" including "the right to lay multiple or additional pipelines." 2011 Tex. App. LEXIS 9844, at *9. The ambiguity of these instruments has not yet been judicially resolved.

But the trial court also had before it Lone Star's express disclaimer of any easement rights over the five-acre tracts partitioned to Harrington and Kilgore. As

8

noted, it is undisputed no pipelines currently cross those tracts.[4]  Harrington and Kilgore allege no invasion or threatened invasion of their property rights by Lone Star.  *See Caldwell v. City of Denton,* 556 S.W.2d 107, 109 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.) (observing in such circumstances there is no controversy to litigate, an essential aspect of a suit for declaratory judgment).  They testified to no complaints over Lone Star's existing pipelines or its conduct.  The summary judgment record thus negates any genuine conflict of tangible interests between Harrington and Kilgore and Lone Star.[5]  *See Bexar-Medina-Atascosa,* 640 S.W.2d at 779-80; *Phillips Petroleum,* 423 S.W.2d at 344 (declarations that, inter alia, leases lacked pooling provisions improper because lessee agreed it had no contractual pooling rights).

In this case the summary judgment evidence is conclusive that Harrington and Kilgore's declaratory judgment claim against Lone Star does not seek resolution of an existing justiciable controversy.  *Montrose Mgmt. Dist.,* 435 S.W.3d at 402.  In view of Lone Star's express disclaimer of any easement rights over land owned by Harrington and Kilgore, any declaration regarding such rights would merely be advisory.  *See Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 164 (Tex. 2004) (in declaratory judgment action by lot owners, trial court lacked subject-matter jurisdiction to declare rights as to two subdivisions; any opinion as to those subdivisions would be advisory).

---

[4] All existing pipelines underlying the 100-acre tract are on land owned since 2007 by Magellan.  As noted, Harrington and Kilgore's trespass claims relate to pipelines Magellan or its predecessor constructed in 1999 and 2005.

[5] Nor does the record reflect any actual conflict between Lone Star and Magellan concerning easement rights.

The trial court did not err in its grant of summary judgment for Lone Star because of a lack of subject-matter jurisdiction. Harrington and Kilgore's second issue is overruled.

Through their final three issues, Harrington and Kilgore assert the trial court erred in granting summary judgment because joinder of Lone Star to their suit against Magellan is required by the UDJA and Texas Rule of Civil Procedure 39, and assert the trial court abused its discretion by severing their declaratory judgment action against Lone Star from their suit against Magellan. Because of our conclusion the trial court lacked jurisdiction over their claim against Lone Star, our analysis of the joinder and severance questions are not necessary to disposition of the appeal. TEX. R. APP. P. 47.1.[6]

---

[6] Lone Star's motion for summary judgment was based solely on jurisdictional grounds and did not address Rule of Civil Procedure 39 or application of Texas Civil Practice and Remedies Code section 37.006(a). TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a) (stating in part that when declaratory relief is sought, "all persons who have or claim any interest that would be affected by the declaration must be made parties"); TEX. R. CIV. P. 39. We perceive no reason why Lone Star's absence from the suit prevents the trial court from granting complete relief in the controversy between Harrington and Kilgore and Magellan. And, because of Lone Star's express disclaimer of easement rights over Harrington and Kilgore's tracts, we see no risk their tracts could be burdened by greater or inconsistent easement rights by virtue of resolution of their dispute with Magellan.

As to the severance issue, even an improper severance would not have deprived this court of jurisdiction over the appeal. *Rucker v. Bank One Texas, N.A.,* 36 S.W.3d 649, 652 (Tex. App.—Waco 2000, pet. denied); *see Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 79 n.1 (1959); *Bird v. Lubricants, USA, LP,* No. 02-06-00061-CV, 2007 Tex. App. LEXIS 7110, at *7-9 (Tex. App.—Fort Worth August 31, 2007, pet. denied) (mem. op.); *see also Brown v. Todd,* 53 S.W.3d 297, 300 (Tex. 2001) ("After the trial court dismissed [appellant's] claim for lack of standing, he could have sought a severance so that the dismissal against him would have been an appealable final judgment").

Conclusion

Having overruled each of Harrington and Kilgore's issues for which review was necessary, we affirm the judgment of the trial court.  TEX. R. APP. P. 43.2(a).



James T. Campbell
Justice