ATCHISON, TOPEKA AND SANTA FE
RAILWAY COMPANY, et al.,
Appellants,

v.

Forrest Dale PARMER et al., Appellees.

No. 12048.

Court of Civil Appeals of Texas,
Austin.

June 6, 1973.

Joe Bruce Cunningham, Hudson, Keltner, Smith & Cunningham, Fort Worth, Hammett, Hammett & Cavness, Lampasas, for appellants.

Charles W. Lynch, Lynch, Nored, Martin & Millican, Lampasas, for appellees.

PHILLIPS, Chief Justice.

Appellees,[1] the plaintiffs in the trial court, brought suit for damages in tort against appellant Railroad alleging that the Railroad permitted large quantities of dry grass, weeds and brush to grow and accumulate on its right of way adjoining the property owned and occupied by appellees; that the locomotives and freight cars had deteriorated to a point where sparks and fire were emitted therefrom causing the dry grass and weeds to catch fire in the right of way on two separate occasions; that the fires caused by these factors spread over the plaintiffs' pasture land damaging it.

In the same petition complaining of the fires mentioned above, appellees sought a temporary and permanent injunction as "they have no other adequate remedy at law, or otherwise, to prevent a reoccur-

---

1. Appellees are Forrest Dale Parmer, William Wittenburg, Audrey Baxter and Robert Bohning.

rence of the negligent acts of defendant complained of herein."

In response to appellees' request for injunctive relief, the trial court entered the following order:

"It is accordingly Ordered, Adjudged and Decreed that the Clerk of this court issue a Writ of Injunction pending final hearing and determination of this cause; that Defendant, H. L. Lewis, Division Superintendent for Defendant Atchison, Topeka and Santa Fe Railway Company, an employee of such company, and Defendant Atchison, Topeka and Santa Fe Railway Company be restrained and enjoined from allowing the railroad right-of-way adjacent to Plaintiffs' property, to become grown up in weeds and/or grass and/or brush so as to cause a dangerous situation to exist from sparks or fire which come in contact with the said weeds and/or grass and/or brush which issue from railroad locomotives or other rolling stock . . . ."

It is from this order of the trial court that appellants have perfected their appeal to this Court.

Inasmuch as we sustain appellants' first three points of error, briefed together, we need not reach their remaining points. Appellants' first three points are the error of the trial court in ordering a temporary injunction for the reason that appellees failed to allege and prove irreparable injury, that they do not have an adequate remedy at law and that they failed to allege and prove imminent danger. We sustain these points.

■■■ Relief by way of injunction, particularly in the form of a mandatory injunction, is a harsh remedy that is used only in special circumstances. Recognizing this, the courts have restrained its use generally, by requiring that a party seeking injunctive relief must show irreparable harm for which there is no adequate legal remedy. Rogers v. Daniel Oil and Royalty Co., 130 Tex. 386, 110 S.W.2d 891 (1937);

Hill v. Brown, 237 S.W. 252 (Tex.Comm. App.1922); Storey v. Central Hide and Rendering Co., 148 Tex. 509, 226 S.W.2d 615 (1950); 31 Tex.Jur.2d 105, sec. 43; Lowe, Injunctions and Other Extraordinary Proceedings, 6 Tex.Prac. 7, sec. 2.

■■ In our opinion, appellees have not demonstrated the type of injury which would justify the extraordinary relief granted herein. Aside from testimony by two of the plaintiffs which might support a finding that two fires occurred in the pastures of two of the plaintiffs in September, 1972, the only evidence which might support the relief granted is testimony from two witnesses to the effect that there had been a fire of this nature at some point in the past. Even assuming that there was some evidence of railroad negligence in such prior fire, and further assuming railroad negligence in the two fires which occurred in September, 1972, such is still not the proper situation for the entry of a mandatory injunction.

The record is devoid of any evidence that appellees are in imminent danger from the normal operation of the railroad, or from the weeds on appellants right of way. Appellants are not in the business of starting fires; appellants are in the business of transporting sand. It is only when appellants conduct their business negligently that a fire may be set and adjoining land owners be injured. At that point such land owners are free to bring suit and collect whatever damages they can show. There is nothing in the record to indicate that the pastures involved in this lawsuit were in any way unique or that the owners thereof could not be made whole by compensation. In short appellees failed on all three counts to carry their burden. They have not shown themselves to be in imminent danger of being injured by the weeds, apart from negligence by the railroad. They have not demonstrated why their loss is not compensable by damages, and finally, of course, appellees have not shown themselves to be without an adequate remedy at law. This is a negligence

suit and nothing more. This Court is unable to perceive any justification for equitable intervention.

Consequently, the order of the trial court will be reversed and the temporary injunction set aside.

Reversed and Temporary Injunction set aside.