**James J. BROPHY, Appellant,**

v.

**Mary E. BROPHY, Appellee.**

No. 20468.

Court of Civil Appeals of Texas, Dallas.

Nov. 26, 1980.

See, also, Tex.Civ.App., 599 S.W.2d 345.

John A. Pace, Dallas, for appellant.

John M. Gillis, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

This is a suit on a property settlement agreement entered into pursuant to a 1967 decree of divorce between plaintiff Mary Brophy and defendant James Brophy. This suit was filed March 8, 1979, for delinquent payments accruing through February 15, 1979. Trial before the court resulted in judgment for plaintiff on her claim for delinquent payments and an award of attorney's fees. Two questions are presented by this appeal; first, is defendant James Brophy entitled to a credit against his contractual alimony obligation to plaintiff Mary Brophy for social security benefits allegedly available to plaintiff as a result of defendant's contribution to the social security system? and second, is plaintiff entitled to recover attorney's fees under Tex.Civ. Stat.Ann. art. 2226 (Vernon Supp.1980) in this action to enforce contractual alimony payments that accrued subsequent to the statute's amendment in 1977? We affirm.

█ Defendant's point of error concerning social security benefits as a credit against contractual alimony payments presents an interesting question, but it is not a question that this court will answer in our disposition of this case. There is no evidence in the record that defendant is entitled to receive social security benefits or is receiving social security benefits. Plaintiff testified that she could receive benefits based on defendant's social security contributions, but that she is not receiving, and never has received, any of those benefits. Without evidence that plaintiff has received, or is receiving, benefits based on defendant's contributions to the social security system, defendant's argument with respect to applying social security benefits as a credit against his contractual alimony obligation is purely hypothetical.

The courts of this country have declined, since the earliest times, to rule on hypothetical arguments or cases. *Hayburn's Case,* 2 U.S. (2 Dall.) 409, 410 n. 2, 1 L.Ed. 436 (1792). The Texas Supreme Court has refused to rule upon a purely hypothetical case, *Gerst v. Nixon,* 411 S.W.2d 350, 361 (Tex.1966), and we believe that the policy against ruling on hypothetical arguments is applicable to defendant's argument here. Defendant's point of error complaining of the trial court's failure to apply social security benefits as a credit against his contractual alimony obligation is overruled.

Defendant argues that article 2226, as amended in 1977 to provide for recovery of attorney's fees in suits on a written or an oral contract, does not apply to contracts entered into prior to the date the amendment became effective. As authority for this proposition, defendant cites *Rio Grande Valley Sugar Growers, Inc. v. Campesi*, 580 S.W.2d 850 (Tex.Civ.App.–Corpus Christi), *rev'd on other grounds*, 592 S.W.2d 340 (Tex.1979), holding:

> This case was tried prior to the effective date of the amendment to Article 2226 which now authorizes recovery of attorney's fees to the prevailing party in a properly brought suit on an oral or written contract. We cannot and do not give this statutory amendment retroactive effect. *Government Personnel Mutual Life Ins. Co. v. Wear*, 151 Tex. 454, 251 S.W.2d 525 (1952); *Texas Gas Corp. v. Hankamer*, 326 S.W.2d 944 (Tex.Civ.App.–Houston 1959, writ ref'd n.r.e.). [Emphasis added.]

We agree with this statement, but *Campesi* does not control the fact situation before us. In our case the payments sued for accrued after the amendment, the breach occurred after the amendment, the suit was brought after the amendment, and the fees were awarded after the amendment. In *Campesi*, as the emphasized language shows, the case was tried prior to the effective date of the amendment.

In support of her position that attorney's fees are recoverable in this case, plaintiff cites us to *Brophy v. Brophy*, 599 S.W.2d 345 (Tex.Civ.App.–Texarkana 1980, no writ). We believe that case is directly on point. There the Texarkana Court of Civil Appeals held:

> James Brophy's obligation to pay is based upon a written property settlement agreement incorporated into the divorce decree of 1967. The determinative date is not 1967, but 1978, the year in which the instant suit was filed. Since the cause of action arose subsequent to the 1977 amendment to Article 2226, the award of attorney's fees for services rendered in enforcing the parties agreement was proper. It is apparent from the rec-

ord that the entire amount awarded by the court for contractual alimony represented payments which became delinquent following the effective date of the amendment. Both the breach of the contract and the suit to recover the delinquent payments occurred after the effective date of the amendment.

We agree with the holding and also hold that since the cause of action arose subsequent to the 1977 amendment to article 2226, the award of attorney's fees for services rendered in enforcing the parties' agreement was proper. *See Pearcy/Christon, Inc. v. Cutler Construction Company*, 601 S.W.2d 490, 493 n. 1 (Tex.Civ.App.–Dallas 1980).

Affirmed.