**BEXAR–MEDINA–ATASCOSA COUNTIES WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1, Appellant,**

v.

**MEDINA LAKE PROTECTION ASSOCIATION, Appellee.**

No. 16691.

Court of Appeals of Texas, San Antonio.

Sept. 29, 1982.

Rehearing Denied Oct. 26, 1982.

Robert Wilson and Marc Knisely, McGinnis, Lochridge & Kilgore, Austin, for appellant.

Seagal V. Wheatley, Oppenheimer, Rosenberg, Kelleher & Wheatley, Inc., San Antonio, for appellee.

Before ESQUIVEL, CANTU and BASKIN, JJ.

## OPINION

BASKIN, Justice.

Bexar-Medina-Atascosa Counties Water Control and Improvement District number one (District) appeals from a judgment in favor of Medina Lake Protection Association and enumerated individuals in which the trial court entered a declaratory judgment stating that District had no authority to enforce its regulations outside of its boundaries, except over property owned by District or in which it had an easement or other property right. Finding that none of the plaintiffs resided on such land, the trial court held that District's regulations were not applicable to the plaintiffs. Based on this decision, the court additionally issued a permanent injunction in favor of appellees, enjoining District from enforcing its regulations except within its boundaries and over property owned by District or in which it had an easement or other property right. The injunction specifically precluded regulation in the waters of Medina Lake, except where appellant possessed such an interest.

Appellees had originally alleged two additional causes of action against District. One of these causes was severed from the instant cause of action and the other was dismissed. On appeal we are concerned only with the declaratory judgment and permanent injunction described above.

Appellant is a municipal water corporation and its rules and regulations are considered similar to valid penal ordinances of a city. *Bexar-Medina-Atascosa Counties Water Improvement District No. 1 v. State,* 21 S.W.2d 747 (Tex.Civ.App.—San Antonio 1929, writ ref'd); Tex.Water Code Ann. § 55.244 (Vernon 1972). The regulations sought to be enforced deal with control and regulatory authority over Medina Lake, its dam and spillway, and over all lands "located within the Medina Lake Reservoir basin below the 1084 foot elevation." The regulations govern such activities as boating, sanitation and sewage disposal, construction and use of docking facilities and general use of the lake for recreational purposes.

District contends in its first point of error that the trial court erred in rendering an injunction against it on the ground that there was no evidence to support the granting of a permanent injunction. By its second point of error, District asserts that the trial court erred in granting such relief because appellees never established the requisite threat of, or actual proof of, irreparable harm or the absence of an adequate remedy at law. We shall first examine the validity of the declaratory judgment as raised in appellant's points of error three and four.

The purpose of the Uniform Declaratory Judgments Act is to provide a procedural device whereby litigants can obtain a judicial determination of a controversy. Tex.Rev.Civ.Stat.Ann. art. 2524–1 (Vernon 1965); *Crawford v. City of Houston,* 600 S.W.2d 891 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ); *Marshall v. City of Lubbock,* 520 S.W.2d 553 (Tex.Civ.App.—Amarillo 1975, no writ). If a justiciable controversy exists, the trial court has jurisdiction to entertain the declaratory action, and declaratory relief subsequently granted is not merely advisory. *Sub-Surface Construction Co. v. Bryant-Curington, Inc.,* 533 S.W.2d 452 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.); *Anderson v. McRae,* 495 S.W.2d 351 (Tex.Civ.App.—Texarkana 1973, no writ). To constitute a justiciable controversy, there must exist a real and

substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute. *Sub-Surface Construction Co. v. Bryant-Curington, Inc.,* supra, at 456; *Phillips Petroleum Co. v. Bivins,* 423 S.W.2d 340 (Tex.Civ.App.—Amarillo 1967, writ ref'd n.r.e.). Finally, the entry of such a judgment rests within the sound discretion of the trial court. *Crawford v. City of Houston, supra; Anderson v. McRae, supra.*

With the foregoing standards in mind, our examination of the entire record reveals that a justiciable controversy existed between these litigants as regards the enforcement against appellees of District's regulations. The declaratory judgment relating to this dispute is dispositive of the issues of contention between the parties. Thus, such a remedy was appropriate.

During the course of the trial, the trial court inquired about the plaintiffs involved in this case. Counsel for the District represented to the court:

> Mr. Wilson: "Your Honor, with respect to those folks (appellees), with the Court's rulings, none of those lands are in the district, so if your ruling on the regulation is correct, which I submit to the court it is not, ... there is no reason to try any part of the regulation question."

Court: "Well, that goes out."

Counsel further stated:

> Mr. Wilson: "Yeah, there are no plaintiffs in this case, Your Honor, who are inside the boundaries of the district affected by these rules and regulations."

Relying upon these assurances the court entered the declaratory judgment in favor of appellees. District now argues that its own representations did not constitute any evidence, that appellees offered no evidence to support their position, and that the entry of the declaratory relief was erroneous. We disagree.

▪▪▪ "When the essential elements of a cause of action are specifically admitted by an adversary in open court, they need no evidence to substantiate them." *Traders &*

*General Insurance Co. v. Rockey,* 278 S.W.2d 490 (Tex.Civ.App.—Amarillo 1955, writ ref'd n.r.e.). Further, a court having jurisdiction to render a declaratory judgment has the power to determine issues of fact. *United Services Life Insurance Co. v. Delaney,* 396 S.W.2d 855 (Tex.1965). We hold that the representations by District's counsel factually support the entry of the declaratory judgment. Appellees have the right to relief from "uncertainty and insecurity" with respect to their status as regards these regulations. *See City of Nassau Bay v. Winograd,* 582 S.W.2d 505 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ), Tex.Rev.Civ.Stat.Ann. art. 2524–1, § 12 (Vernon 1965). The court, having a justiciable controversy before it, did not abuse its discretion and properly entered the declaratory judgment in favor of appellees.

Finally, by holding that appellees resided outside of District's regulatory area, the trial court obviated the need to rule on appellees' pleaded complaints concerning whether District had authority to pass regulations and whether the regulations were constitutional, since regardless of authority or constitutionality, District could not enforce regulations against appellees. *See Bexar-Medina-Atascosa Counties v. Wallace,* 619 S.W.2d 551, 556 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.). This holding rendered these issues hypothetical, and the court's action in generally denying all other relief was proper. *See Gerst v. Nixon,* 411 S.W.2d 350, 361 (Tex.1966); *Brophy v. Brophy,* 608 S.W.2d 358 (Tex.Civ. App.—Dallas 1980, no writ). Accordingly, points of error three and four are overruled.

We now turn to District's first two points of error which attack the issuance of the permanent injunction. District asserts that there was no evidence to support the injunction and that the issuance was improper because appellees failed to establish the necessary requirements of threatened or actual irreparable injury and the absence of an adequate remedy at law. District combines these points of error in its brief and we shall treat them accordingly.

■ At the outset of this discussion we note that District's regulations are penal in nature. Tex.Water Code Ann. § 51.128 (Vernon 1972). The general rule is that equity will not enjoin the enforcement of the criminal law. *State v. Logue,* 376 S.W. 567 (Tex.1964); *Kemp Hotel Operating Co. v. City of Wichita Falls,* 141 Tex. 90, 170 S.W.2d 217 (1943); *Ex parte Sterling,* 122 Tex. 108, 53 S.W.2d 294 (1932). An exception to this general rule exists if the ordinance sought to be enjoined is unconstitutional or otherwise void and when its enforcement invades a vested property right. *State v. Logue, supra; Kemp Hotel Operating Co. v. City of Wichita Falls, supra; Ex parte Sterling, supra.*

■ Although appellees asserted vested property rights in their petition, they offered no evidence to prove such rights. A court of equity has no jurisdiction to enjoin the enforcement of a penal ordinance in the absence of proof that such enforcement would result in irreparable injury to a vested property right. *See City of Richardson v. Kaplan,* 438 S.W.2d 366 (Tex.1969); *City of Fort Worth v. Craik,* 411 S.W.2d 541 (Tex.1967). Appellees also failed to sustain the burden of demonstrating irreparable harm as a prerequisite to obtaining injunctive relief. *Atchison, Topeka & Santa Fe Railway Co. v. Parmer,* 496 S.W.2d 241, 242 (Tex.Civ.App.—Austin 1973, no writ). Appellees offered no evidence to support the allegations of vested property rights and irreparable harm alleged in their petition. A permanent injunction may be granted only upon a hearing and the taking of necessary proofs. In light of the absence of any such evidence, we hold that the trial court erred in granting the permanent injunction. *Dick v. Webb County,* 303 S.W.2d 385 (Tex.Civ.App.—San Antonio 1957, writ ref'd). Any assertion by appellees that they come within the purview of the multiple plaintiffs exception enunciated in *City of Wichita Falls v. Bruner,* 191 S.W.2d 912 (Tex.Civ.App.—Fort Worth 1945, no writ) must also be rejected for failure of proof, as this exception does not eliminate the need to prove the existence of vested property rights.

Since we have held that appellees failed to prove either vested property rights or threatened irreparable harm thereto, points of error one and two are overruled and the injunction is hereby dissolved. That portion of the judgment granting injunctive relief is reversed. As previously held, the issuance of the declaratory judgment was proper and that portion of the trial court's judgment is affirmed.