COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-256-CV

 

 

B.J. WARREN                                                                     APPELLANT

 

                                                   V.

 

U.S. BANK, N.A., AS TRUSTEE                                                APPELLEE

FOR NEW CENTURY HOME
EQUITY 

LOAN TRUST, SERIES
2001-NC2 

ASSET BACKED PASS THROUGH


CERTIFICATES

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant B.J. Warren appeals from the trial
court=s
summary judgment declaring that Appellee U.S. Bank, N.A., as Trustee for New
Century Home Equity Loan Trust, Series 2001-NC2 Asset Backed Pass Through
Certificates, held a valid lien on her property.  Because we hold that U.S. Bank did not allege
any grounds in its motion for summary judgment, we reverse.

In 2000, Warren executed a note secured by a deed
of trust in favor of Bank of Desoto, N.A., to finance the purchase of property
in Arlington, Texas.  On August 17, 2001,
Warren refinanced the mortgage through the execution of a note, secured by a
deed of trust, in favor of New Century Mortgage Corporation.  When the escrow company sent the funds to
Bank of Desoto to pay off its note, that bank executed a release of lien for
the deed of trust in its favor; this release was filed in the county property
records.  The deed of trust in favor of
New Century, however, was not filed in the county property records.  New Century then purportedly assigned the
note and deed of trust to U.S. Bank.

In 2006, U.S. Bank accelerated Warren=s note
and began the foreclosure process.  It
then discovered that the original of the deed of trust had been lost and that
the deed of trust had never been filed in the county property records.








U.S. Bank brought suit against Warren, raising
the following causes of action: (1) declaratory judgment to establish its lien
against the property; (2) in the alternative, subrogation for the amount used
to pay off the Bank of Desoto note and to discharge Warren=s ad
valorem taxes; (3) a judgment for foreclosure and an order of sale; (4)
nonjudicial foreclosure; (5) public auction; (6) quiet title; and (7) writ of
possession.  Warren filed a general
denial.

U.S. Bank then filed a motion for summary
judgment.  It stated that A[t]his
motion embraces all of [its] claims against [Warren],@ but in
fact the motion  only addressed its
declaratory judgment action.  U.S. Bank=s
evidence included, among other documents, a notarized copy of the New Century
deed of trust, a copy of the New Century note, and Bank of Desoto=s
release of lien.  It also included the
affidavit of Anna Jimenez‑Reyes, a Aforeclosure
facilitator@ with Ocwen Loan Servicing, LLC,
the servicer of Warren=s note.  Jimenez‑Reyes states in her affidavit
that the deed of trust had been assigned to U.S. Bank, but she did not state
that she had seen any assignment of the deed of trust or even that such
document existed in Ocwen=s files.  The records attached to her business records
affidavit do not include a copy of the instrument assigning the note and the
deed of trust to U.S. Bank.








Warren
did not respond to the motion.  The trial
court granted the summary judgment and ordered that as of August 17, 2001, New
Century was the owner of a valid first lien on the property, that New Century
had assigned the deed of trust and note to U.S. Bank, and that U.S. Bank held a
lien on the property in the amount of $208,700. 
The judgment recited that Aall
relief not expressly granted is denied@ and
that the judgment Afinally disposes of all parties
and all claims and is appealable.@

The
record on appeal does not show that U.S. Bank nonsuited or severed its other
claims against Warren.  We note that
because the trial court in its order denied all relief not expressly granted
and disposed of all claims and parties, the court necessarily ruled on and
denied U.S. Bank=s other pleaded causes of
action, including its claims of judicial foreclosure, nonjudicial foreclosure,
quiet title, and writ of possession.[2]  U.S. Bank did not file a cross-appeal
asserting error as to that part of the trial court=s
judgment.

A
plaintiff is entitled to summary judgment on a cause of action if it
conclusively proves all essential elements of the claim.[3]  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s favor.[4]








A
summary judgment motion must Aexpressly
present the grounds upon which it is made,@[5] and
summary judgment cannot be granted except on the grounds expressly presented.[6]  The term Agrounds@ means Athe
reasons entitling the movant to summary judgment.@[7]  In determining whether grounds are expressly
presented, reliance may not be placed on briefs or summary judgment evidence.[8]  The purpose of this requirement is to provide
the opposing party with adequate information for opposing the motion and to
define the issues or points for the purpose of summary judgment.[9]








Generally,
the nonmovant must expressly present to the trial court any reasons for
avoiding the movant=s right to summary judgment.[10]  No response is necessary, however, when the
movant=s
summary judgment proof is legally insufficient.[11]

On
appeal, Warren brings a general issue contending that the trial court erred by
granting U.S. Bank=s summary judgment motion.[12]  In that issue, she makes four arguments.  In her first two arguments, she contends that
the trial court did not have jurisdiction because (1) there was no justiciable
controversy between Warren and U.S. Bank and (2) U.S. Bank failed to include
all interested parties.  In her remaining
arguments, she contends that U.S. Bank=s motion
was insufficient to entitle it to summary judgment because U.S. Bank (3) did
not meet its burden of proof and (4) failed to expressly present any grounds in
its motion.  Although Warren did not
respond to the summary judgment motion in the trial court, she correctly argues
that a party may challenge the sufficiency of a summary judgment motion for the
first time on appeal.[13]








With
respect to her second argument, Warren asserts that U.S. Bank failed to add any
other interested parties to its action; she does not, however, inform this
court who U.S. Bank failed to join.  The
Supreme Court of Texas has held that the absence of interested parties does not
necessarily deprive a trial court of jurisdiction to enter a declaratory
judgment as to parties who are before the court, although a court may be
without jurisdiction to enter a declaratory judgment with respect to non-joined
interested parties.[14]  Furthermore, Warren did not make this
argument in the trial court.  Because she
did not raise this argument in the trial court, she failed to preserve error.[15]  Additionally, she has not shown that error,
if any, is fundamental.[16]  Accordingly, we do not consider this
argument.

In her
first and fourth arguments, Warren contends that there was no justiciable
controversy between Warren and U.S. Bank and that U.S. Bank failed to present
any grounds in its motion.  These
arguments are related and we consider them together.








A trial
court should enter a declaratory judgment Aonly if
a justiciable controversy exists as to the rights and status of the parties and
the controversy will be resolved by the declaration sought.@[17]  A justiciable controversy is @=a real
and substantial controversy involving genuine conflict of tangible interests
and not merely a theoretical dispute.=@[18]

We agree
with Warren that U.S. Bank did not specify in its motion a reason why it was
entitled to summary judgment.  The motion
correctly stated that a declaratory judgment action is only available where
there is a justiciable controversy, but it failed to specify any justiciable
controversy existing in this case.  The
motion stated only that (1) it was undisputed that Warren bought the property
at a real estate sale and that there was a subsequent refinance loan
transaction between Warren and New Century; (2) due to clerical error and
through no fault of Warren, New Century, or U.S. Bank, the deed of trust with
New Century was not filed in the property records; (3) U.S. Bank was the
current holder of the note and the deed of trust; and (4) U.S. Bank was
entitled to a declaratory judgment determining the rights of the parties to the
transaction and establishing the deed of trust in the amount of $208,700 as a
lien on the property in force as of the date of the deed of trust=s
execution.








Although
the original deed of trust has been lost, U.S. Bank still retains a notarized
copy.  U.S. Bank did not allege that
there was any dispute as to whether it was the beneficiary of the deed of trust
or as to the validity of the instrument, and it failed to allege or demonstrate
that the declaration it asked for would resolve any dispute.  It did not, for example, argue that it could
neither record its interest nor take any action against the property with only
a notarized copy of the deed of trust, or that Warren disputed that U.S. Bank
held any interest in the property. 
Because it failed to allege any grounds for summary judgment on its
declaratory judgment action, its motion was insufficient as a matter of law and
the trial court erred by granting the summary judgment.[19]

Because
we have held that the trial court erred by granting summary judgment, we do not
reach Warren=s remaining argument.[20]

Having
sustained Warren=s issue, we reverse the judgment
of the trial court and remand this case for further proceedings.

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PANEL: 
DAUPHINOT, GARDNER, and MEIER, JJ.

 

DELIVERED: February 26, 2009











[1]See Tex. R. App. P. 47.4.





[2]See Lehmann v. Har‑Con
Corp.,
39 S.W.3d 191, 206 (Tex. 2001) (holding that granting more relief than movant
is entitled to makes the order reversible but not interlocutory and stating
that language in judgment that A[t]his judgment finally disposes of all parties
and all claims and is appealable@ would leave no doubt of the trial court=s intention that order
completely dispose of entire case).





[3]See Tex. R. Civ. P. 166a(a),
(c); MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986).





[4]IHS Cedars Treatment Ctr.
of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).





[5]McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993).





[6]Johnson v. Brewer &
Pritchard, P.C., 73 S.W.3d 193, 204 (Tex. 2002); Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 912 (Tex. 1997).





[7]McConnell, 858 S.W.2d at 339 n.2.





[8]Id. at 341.





[9]Westchester Fire Ins. Co.
v. Alvarez,
576 S.W.2d 771, 772 (Tex. 1978); overruled on other grounds by City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979);
Camden Mach. & Tool, Inc. v. Cascade Co., 870 S.W.2d 304, 309 (Tex.
App.CFort Worth 1993, no
writ).





[10]McConnell, 858 S.W.2d at 343.





[11]Rhone‑Poulenc, Inc.
v. Steel,
997 S.W.2d 217, 223 (Tex. 1999); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).





[12]See Malooly Bros. v.
Napier, 461 S.W.2d 119, 121 (Tex. 1970).





[13]Clear Creek Basin Auth., 589 S.W.2d at 678.





[14]Brooks v. Northglen Ass=n, 141 S.W.3d 158, 162B63 (Tex. 2004).





[15]See id.; Tex. R. App.
P. 33.1(a).





[16]See Brooks, 141 S.W.3d at 163.





[17]Bonham State Bank v.
Beadle,
907 S.W.2d 465, 467 (Tex. 1995).





[18]Id. (quoting Bexar‑Medina‑Atascosa
Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Protection
Ass=n, 640 S.W.2d 778, 779B80 (Tex. App.CSan Antonio 1982, writ
ref=d n.r.e.)).





[19]See McConnell, 858 S.W.2d at 341.





[20]See Tex. R. App. 47.1.