

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-256-CV**


B.J. WARREN                                                      APPELLANT

V.

U.S. BANK, N.A., AS TRUSTEE                                      APPELLEE
FOR NEW CENTURY HOME EQUITY
LOAN TRUST, SERIES 2001-NC2
ASSET BACKED PASS THROUGH
CERTIFICATES

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant B.J. Warren appeals from the trial court's summary judgment

declaring that Appellee U.S. Bank, N.A., as Trustee for New Century Home

Equity Loan Trust, Series 2001-NC2 Asset Backed Pass Through Certificates,

---

[1] *See* Tex. R. App. P. 47.4.

held a valid lien on her property. Because we hold that U.S. Bank did not allege any grounds in its motion for summary judgment, we reverse.

In 2000, Warren executed a note secured by a deed of trust in favor of Bank of Desoto, N.A., to finance the purchase of property in Arlington, Texas. On August 17, 2001, Warren refinanced the mortgage through the execution of a note, secured by a deed of trust, in favor of New Century Mortgage Corporation. When the escrow company sent the funds to Bank of Desoto to pay off its note, that bank executed a release of lien for the deed of trust in its favor; this release was filed in the county property records. The deed of trust in favor of New Century, however, was not filed in the county property records. New Century then purportedly assigned the note and deed of trust to U.S. Bank.

In 2006, U.S. Bank accelerated Warren's note and began the foreclosure process. It then discovered that the original of the deed of trust had been lost and that the deed of trust had never been filed in the county property records.

U.S. Bank brought suit against Warren, raising the following causes of action: (1) declaratory judgment to establish its lien against the property; (2) in the alternative, subrogation for the amount used to pay off the Bank of Desoto note and to discharge Warren's ad valorem taxes; (3) a judgment for foreclosure

2

and an order of sale; (4) nonjudicial foreclosure; (5) public auction; (6) quiet title; and (7) writ of possession. Warren filed a general denial.

U.S. Bank then filed a motion for summary judgment. It stated that "[t]his motion embraces all of [its] claims against [Warren]," but in fact the motion only addressed its declaratory judgment action. U.S. Bank's evidence included, among other documents, a notarized copy of the New Century deed of trust, a copy of the New Century note, and Bank of Desoto's release of lien. It also included the affidavit of Anna Jimenez-Reyes, a "foreclosure facilitator" with Ocwen Loan Servicing, LLC, the servicer of Warren's note. Jimenez-Reyes states in her affidavit that the deed of trust had been assigned to U.S. Bank, but she did not state that she had seen any assignment of the deed of trust or even that such document existed in Ocwen's files. The records attached to her business records affidavit do not include a copy of the instrument assigning the note and the deed of trust to U.S. Bank.

Warren did not respond to the motion. The trial court granted the summary judgment and ordered that as of August 17, 2001, New Century was the owner of a valid first lien on the property, that New Century had assigned the deed of trust and note to U.S. Bank, and that U.S. Bank held a lien on the property in the amount of $208,700. The judgment recited that "all relief not expressly granted is denied" and that the judgment "finally disposes of all

parties and all claims and is appealable."

The record on appeal does not show that U.S. Bank nonsuited or severed its other claims against Warren. We note that because the trial court in its order denied all relief not expressly granted and disposed of all claims and parties, the court necessarily ruled on and denied U.S. Bank's other pleaded causes of action, including its claims of judicial foreclosure, nonjudicial foreclosure, quiet title, and writ of possession.[2] U.S. Bank did not file a cross-appeal asserting error as to that part of the trial court's judgment.

A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim.[3] When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[4]

---

[2] *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001) (holding that granting more relief than movant is entitled to makes the order reversible but not interlocutory and stating that language in judgment that "[t]his judgment finally disposes of all parties and all claims and is appealable" would leave no doubt of the trial court's intention that order completely dispose of entire case).

[3] *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

[4] *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

A summary judgment motion must "expressly present the grounds upon which it is made,"[5] and summary judgment cannot be granted except on the grounds expressly presented.[6] The term "grounds" means "the reasons entitling the movant to summary judgment."[7] In determining whether grounds are expressly presented, reliance may not be placed on briefs or summary judgment evidence.[8] The purpose of this requirement is to provide the opposing party with adequate information for opposing the motion and to define the issues or points for the purpose of summary judgment.[9]

Generally, the nonmovant must expressly present to the trial court any reasons for avoiding the movant's right to summary judgment.[10] No response is necessary, however, when the movant's summary judgment proof is legally

---

[5] *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993).

[6] *Johnson v. Brewer & Pritchard, P.C.,* 73 S.W.3d 193, 204 (Tex. 2002); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997).

[7] *McConnell*, 858 S.W.2d at 339 n.2.

[8] *Id.* at 341.

[9] *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978); *overruled on other grounds by City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Camden Mach. & Tool, Inc. v. Cascade Co.*, 870 S.W.2d 304, 309 (Tex. App.—Fort Worth 1993, no writ).

[10] *McConnell*, 858 S.W.2d at 343.

insufficient.[11]

On appeal, Warren brings a general issue contending that the trial court erred by granting U.S. Bank's summary judgment motion.[12] In that issue, she makes four arguments. In her first two arguments, she contends that the trial court did not have jurisdiction because (1) there was no justiciable controversy between Warren and U.S. Bank and (2) U.S. Bank failed to include all interested parties. In her remaining arguments, she contends that U.S. Bank's motion was insufficient to entitle it to summary judgment because U.S. Bank (3) did not meet its burden of proof and (4) failed to expressly present any grounds in its motion. Although Warren did not respond to the summary judgment motion in the trial court, she correctly argues that a party may challenge the sufficiency of a summary judgment motion for the first time on appeal.[13]

With respect to her second argument, Warren asserts that U.S. Bank failed to add any other interested parties to its action; she does not, however, inform this court who U.S. Bank failed to join. The Supreme Court of Texas has held that the absence of interested parties does not necessarily deprive a

---

[11] *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

[12] *See Malooly Bros. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

[13] *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

6

trial court of jurisdiction to enter a declaratory judgment as to parties who are before the court, although a court may be without jurisdiction to enter a declaratory judgment with respect to non-joined interested parties.[14] Furthermore, Warren did not make this argument in the trial court. Because she did not raise this argument in the trial court, she failed to preserve error.[15] Additionally, she has not shown that error, if any, is fundamental.[16] Accordingly, we do not consider this argument.

In her first and fourth arguments, Warren contends that there was no justiciable controversy between Warren and U.S. Bank and that U.S. Bank failed to present any grounds in its motion. These arguments are related and we consider them together.

A trial court should enter a declaratory judgment "only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought."[17] A justiciable controversy is "'a real and substantial controversy involving genuine conflict of tangible interests

---

[14] *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 162–63 (Tex. 2004).

[15] *See id.*; Tex. R. App. P. 33.1(a).

[16] *See Brooks*, 141 S.W.3d at 163.

[17] *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995).

7

and not merely a theoretical dispute.'"[18]

We agree with Warren that U.S. Bank did not specify in its motion a reason why it was entitled to summary judgment. The motion correctly stated that a declaratory judgment action is only available where there is a justiciable controversy, but it failed to specify any justiciable controversy existing in this case. The motion stated only that (1) it was undisputed that Warren bought the property at a real estate sale and that there was a subsequent refinance loan transaction between Warren and New Century; (2) due to clerical error and through no fault of Warren, New Century, or U.S. Bank, the deed of trust with New Century was not filed in the property records; (3) U.S. Bank was the current holder of the note and the deed of trust; and (4) U.S. Bank was entitled to a declaratory judgment determining the rights of the parties to the transaction and establishing the deed of trust in the amount of $208,700 as a lien on the property in force as of the date of the deed of trust's execution.

Although the original deed of trust has been lost, U.S. Bank still retains a notarized copy. U.S. Bank did not allege that there was any dispute as to whether it was the beneficiary of the deed of trust or as to the validity of the

_____

[18] *Id.* (quoting *Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Protection Ass'n*, 640 S.W.2d 778, 779–80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e.)).

instrument, and it failed to allege or demonstrate that the declaration it asked for would resolve any dispute. It did not, for example, argue that it could neither record its interest nor take any action against the property with only a notarized copy of the deed of trust, or that Warren disputed that U.S. Bank held any interest in the property. Because it failed to allege any grounds for summary judgment on its declaratory judgment action, its motion was insufficient as a matter of law and the trial court erred by granting the summary judgment.[19]

Because we have held that the trial court erred by granting summary judgment, we do not reach Warren's remaining argument.[20]

Having sustained Warren's issue, we reverse the judgment of the trial court and remand this case for further proceedings.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MEIER, JJ.

DELIVERED: February 26, 2009

---

[19] *See McConnell*, 858 S.W.2d at 341.

[20] *See* Tex. R. App. 47.1.

9