COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 


 
 
  
 THE CITY OF EL PASO, TEXAS,
  
                            
 Appellant,
  
 v.
  
 REGINA ARDITTI, IN HER CAPACITY AS
 PRESIDING JUDGE AND JUDGE OF COURT NO. FOUR OF THE MUNICIPAL COURTS OF EL
 PASO, TEXAS, MARIA RAMIREZ, IN HER CAPACITY AS JUDGE OF COURT NO. ONE OF THE
 MUNICIPAL COURTS OF EL PASO, TEXAS, MAX MUNOZ, IN HIS CAPACITY AS JUDGE OF
 COURT NO. TWO OF THE MUNICIPAL COURTS OF EL PASO, TEXAS, DAVID BONILLA, IN
 HIS CAPACITY AS JUDGE OF COURT NO. THREE OF THE MUNICIPAL COURTS OF EL PASO,
 TEXAS, AND DANIEL ROBLEDO, IN HIS CAPACITY AS JUDGE OF COURT NO. FIVE OF THE
 MUNICIPAL COURTS OF EL PASO, TEXAS,
  
                            
 Appellees.
 
 
  
   '
  
     
   '
  
     
   '
  
     
   '
  
     
   '
  
     
  
 ' 
  
  '
  
     
   '
  
     
   '
  
  
 
 
  
  
                   No. 08-10-00272-CV
  
 Appeal from the
  
 327th
 District Court
  
 of El
 Paso County, Texas
  
 (TC# 2005-6410)
  
 
 


                                                                  O
P I N I O N

Appellees served or are serving as municipal
court judges for the City of El Paso, Appellant.  Appellees entered orders directing that their
judicial conduct and bench time not be monitored and the trial court found that
the orders were not void as the City alleged. 
The trial court also held that Ordinance 15183, which merged the
positions of the El Paso City Clerk and the El Paso Municipal Court Clerk,
violated the separation-of-powers provisions of the Texas and United States’ Constitutions.  The City appeals both determinations.  We reverse the judgment of the trial court
and render the judgment that should have been rendered.

BACKGROUND

In 2002, the City of El Paso enacted
Ordinance 15183, which merged the positions of City Clerk and Municipal Court
Clerk into the newly-created position of Municipal Clerk.  Prior to the merger of these positions, the
Municipal Court Clerk was tasked with tracking and recording the “bench time”
of municipal court judges for the purposes of planning and analyzing judicial
case load.

Richarda Momsen, who had served as the
Municipal Court Clerk for approximately ten years, was appointed to serve as
Municipal Clerk when Ordinance 15183 was enacted.  Lilia Worrell was the Assistant Municipal
Court Clerk, who was supervised by Momsen in relation to both the administrative
and judicial functions of the municipal court judges.  Worrell was tasked with the daily operation
of the municipal courts and maintained internal records for City Manager Joyce
Wilson and the municipal court judges. 
Some of the court records were required to be maintained by law.

During her presentation at an El Paso City
Council budget hearing at which she addressed issues of municipal court case
backlog and funding, Momsen included information about the municipal court
judges’ bench time.  Upon hearing
Momsen’s reference to the judges’ bench time, Presiding Judge Regina Arditti informed
the City Council that she was unaware that records of the judges’ bench time
were being kept but noted that she did not object to the practice if non-bench
time was also monitored and as long as the records were accurate.  Thereafter, Municipal Court Judge Maria
Ramirez issued a letter in which she instructed Worrell to stop recording her
bench time and Worrell complied with Judge Ramirez’s directive.  Presiding Judge Arditti then instructed
Momsen to refrain from recording bench time. 
Rather than acting on Judge Arditti’s instruction, Momsen consulted with
City Manager Wilson since the collection of that data related to the courts’
administration and budget.  After meeting
with the judges, City Manager Wilson directed staff to cease recording bench
time for all municipal courts.  Prior to
this, Wilson had supervised the clerk on administrative matters, the Presiding Judge
had supervised the clerk on judicial matters, and conflicts had been amicably
resolved.  However, on September 6, 2005,
the Appellees sua sponte signed and issued
this order:

Monitoring an elected Judge’s conduct intrudes into the
constitutional separation of powers and is inappropriate conduct for a
municipal clerk, court clerk, city employee, or any contract employee.  No municipal clerk, court clerk, city
employee, or city contract employee has the authority to monitor an elected
Judge.

Any person disobeying this Order
shall be subject to show cause proceedings why they should not be held in Contempt.

 

            The City
filed suit alleging that Appellees’ September order is void because Appellees
are without authority to order a city and its employees refrain from complying
with legal mandates and are also without “authority to issue an order to the
Clerk and others extending beyond the appropriate direction of the Clerk to
carry out her ministerial duties.”  Among
its many contentions, the City asserted in part that the order does not relate
to the jurisdiction of the courts or the performance of judicial functions,
does not address “the resolution of an actual obstruction in the courtroom or
the preservation of the Courts’ dignity and integrity,” is not essential to the
fair administration of justice, is contrary to law as Appellees are without
summary contempt power as threatened in the order and is contrary to the contempt
power granted under Texas Government Code § 21.001, is overbroad, and
constitutes a clear abuse of discretion. 
See Tex. Gov’t Code Ann. § 21.001 (West 2004).  The City argued that it is adversely impacted
by the order because compliance therewith prevents the City Attorney from
assigning and tracking the time of the city prosecutors and municipal clerks
and similarly prevents police officers from tracking the time spent in
municipal courts as required for the reporting of overtime hours.  Appellant also complained that the order prevents
the recording of municipal court proceedings. 
Among the relief sought, the City requested issuance of a temporary
restraining order, a temporary injunction, writs of mandamus, prohibition, and
injunction preventing enforcement of the September order, and a declaration
that the September order is void and a clear abuse of discretion.

            Appellees filed
a plea to the jurisdiction in which they alleged that the City’s petition for
writ of mandamus does not present a justiciable issue since it does not involve
a specific pending controversy, that the City lacks standing to seek the
requested relief, that any controversy for which the City seeks relief is not
ripe, that the exclusive jurisdiction for seeking redress of a municipal court
order lies with the El Paso Municipal Court of Appeals, and that the trial
court lacked subject-matter jurisdiction. 
They then filed their answer as well as a counterclaim by which they
sought to have Ordinance 15183 declared unconstitutional because it allegedly
usurps and transfers the authority and control of the judicial branch to the
executive branch in violation of the separation-of-powers provisions in the
Texas Constitution and the Texas Government Code.  Appellees’ counterclaim also seeks “a
declaratory judgment that the actions of the [City] be declared unconstitutional.”[1]

After the commencement of suit, Appellees
entered this order to clarify their September 6, 2005, order:

IT IS ORDERED that the practice of recording, monitoring, or
documenting any elected judge’s time on the bench, or in-court session by a
municipal court clerk, municipal court personnel, municipal court employee, or
municipal court contract employee is improper and will not be permitted.  Recording, monitoring, or documenting for the
purposes of complying with state law or for the administration of the Courts’
dockets will remain in effect.

Judicial obligations are not limited to the time on the bench
or in-court sessions.  The monitoring of
an elected judge’s time inaccurately reflects the judge’s duties and intrudes
into the constitutional separation of powers and is inappropriate conduct for a
municipal court clerk and other municipal court personnel.  No municipal court clerk, municipal court
employee, or municipal court contract employee has the authority to monitor an
elected judge’s time on the bench or in-court sessions.

 

The trial court did not rule on Appellees’
plea to the jurisdiction.  While not
finding Appellees’ “September” order to be void, the trial court in its final
judgment did find the order to be overly broad such that it usurps the powers
of the executive branch, and also found that Appellees’ March order did not
rescind or withdraw the September order.[2]  After first noting that Appellees’ March
order appeared broad in scope and that it was impossible from the record to
determine if the scope of the March order was overly broad, the trial court
ordered Appellees to reform and re-issue their March order “in accordance with
constitutional limitations.”  Noting that
Section 30.00009 of the Texas Government Code mandates the appointment of a
“clerk of the municipal courts of record” be achieved by ordinance, the trial
court found the merger of the municipal court clerk and city clerk positions to
be “an unconstitutional [separation-of-powers] violation of Article II[,]
Section I of the Texas Constitution[.]”  The
trial court stayed enforcement of the judgment pending the conclusion of any
appeal.

Both the City’s motion to clarify the
judgment, wherein it sought to have the court specify whether Ordinance 15183
is unconstitutional as applied or on its face and the City’s motion for new
trial were overruled by operation of law.

DISCUSSION

Jurisdiction and Void Order

We first address Issue Eight, in which the
City challenges the trial court’s third, fourth, and fifth conclusions of law.  There, the trial court declared that
Appellees’ September order is not void, that their March order narrowed the
scope of, but did not rescind, the September order, and that the March order is
broad, possibly over broad, in scope.

            The trial
court failed to address the City’s challenge to Appellees’ subject-matter
jurisdiction to enter the September order. 
Whether a court has subject-matter jurisdiction is a question of law which
we review de novo and, in this
instance, we conduct such review on our own motion.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).

            Subject-matter
jurisdiction is essential to a court’s authority to decide a case, cannot be
waived, and may be raised for the first time on appeal.  Waco
I.S.D. v. Gibson, 22 S.W.3d 849, 851 (Tex. 2000).  Subject-matter jurisdiction is never presumed.  Carroll
v. Carroll, 304 S.W.3d 366, 367 (Tex. 2010).

            Before
addressing the merits of a case, “the court must have jurisdiction over the
party or the property subject to the suit, jurisdiction over the subject
matter, jurisdiction to enter the particular judgment, and capacity to act as a
court.”  State Bar of Texas v. Gomez, 891 S.W.2d 243, 245 (Tex. 1994), citing Austin I.S.D. v. Sierra Club, 495
S.W.2d 878, 881 (Tex. 1973).  For
subject-matter jurisdiction to exist, it is necessary “that the party bringing the
suit have standing, that there be a live controversy between the parties, and
that the case be justiciable.”  State Bar of Texas, 891 S.W.2d at 245, citing Texas Ass’n of Business v. Texas Air
Control Bd, 852 S.W.2d 440, 443-46 (Tex. 1993).  “‘To
constitute a justiciable controversy, there must exist a real and substantial
controversy involving genuine conflict of tangible interests and not merely a
theoretical dispute.’”  Bonham State Bank v. Beadle, 907 S.W.2d
465, 467 (Tex. 1995), quoting
Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1 v.
Medina Lake Protection Ass’n, 640 S.W.2d 778, 779-80 (Tex.App. – San
Antonio 1982, writ ref’d n.r.e.); Boerschig
v. Southwestern Holdings, Inc., 322 S.W.3d 752, 762-63 (Tex.App.
– El Paso 2010, no pet.).  When the
nature of the case falls within the general category of cases that the court is
empowered to adjudicate pursuant to applicable statutory and constitutional
provisions, subject-matter jurisdiction exists. 
Cervantes v. Tyson Foods, Inc., 130
S.W.3d 152, 156 (Tex.App. – El Paso 2003, pet. denied).

Texas courts have power only over litigants
with justiciable interests.  Morrow v. Corbin, 122 Tex. 553, 62
S.W.2d 641, 647 (1933); Hanna v. Godwin,
876 S.W.2d 454, 457 (Tex.App. – El Paso 1994, no writ).  Appellees sua
sponte issued an order threatening contempt of court against the City’s
employees and contract employees if their order was not obeyed, but there is no
evidence in the record to show that any Appellee had before him or her any party
having standing to bring suit, a live controversy existing between parties, and
a case that was justiciable.  State Bar of Texas, 891 S.W.2d at 245.  The statutory provisions establishing the
jurisdictional parameters of municipal courts of record are not shown to have
been invoked by the facts of this case. [3]  Because Appellees’ order did not arise from a
real and substantial controversy involving a genuine conflict of tangible
interests, no justiciable issue was before them which would confer upon any of
them the jurisdiction to issue such an order. 
See Bonham State
Bank, 907
S.W.2d at 467, quoting
Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1,
640 S.W.2d at 779-80; Boerschig, 322
S.W.3d at 762-63.  We therefore
find that Appellees’ September and March orders are void for lack of
subject-matter jurisdiction.  Issue Eight
is sustained.

Separation
of Powers and Municipalities

            Because the City appeals from
a non-jury trial, it presents its challenges to the trial court’s specific
findings of fact and conclusions of law. 
See Boerschig, 322 S.W.3d at 764.  In
its fourth finding of fact, the trial court determined that Appellees, as
members of the judicial branch of government, have inherent duties set forth in
the Texas Constitution and the Texas Government Code.  In its twenty-sixth finding of fact, the
trial court found that the City’s acts had “encroached and usurped the powers
not belonging to it.”  In its first
conclusion of law, the trial court recognized that Article II, Section 1 of the
Texas Constitution provides for the separation of powers, and in its second
conclusion, determined that the City, in exercising “its constitutional
executive powers and statutory authority, is entitled to exercise those
essential powers necessary to the establishment, operation and efficiency of municipal
judiciary – the power of the purse.”

In
Issue Four, the City challenges each of these findings and conclusions which
are related to Appellees’ counterclaim that, as members of the judiciary, Appellees
have inherent powers and duties as set forth in the Texas Constitution and the
Texas Government Code which provide for the separation of powers between the
judiciary and other branches of government and which mandate independence in
judicial functions.  In the trial court,
Appellees asserted that Ordinance 15183 usurps the authority and control of the
judicial branch, gives it to the executive branch, and creates a conflict in
violation of the Texas Constitution and the Texas Government Code.  As requested by Appellees, the trial court
declared the ordinance’s merger of the municipal court clerk and city clerk
positions into a single municipal clerk position to be an unconstitutional
violation of the separation-of-powers provisions of the Texas Constitution.

            The Texas Supreme Court has held
that a court’s inherent judicial powers, which “[spring] from the doctrine of
separation of powers between the three governmental branches,” exists to enable
a court to effectively perform its judicial functions and to protect its
independence, integrity, and dignity.  Eichelberger v. Eichelberger, 582 S.W.2d
395, 399 (Tex. 1979).  However, the Texas
Supreme Court has also recognized that the Texas Constitution “only guarantees
the separation of the state legislative, executive, and judicial branches of
government.”  Tex. Const. art. II, § 1; City
of Fort Worth v. Zimlich, 29 S.W.3d 62, 72 (Tex. 2000); A.H.D. Houston, Inc. v. City of Houston,
316 S.W.3d 212, 222 (Tex.App. — Houston [14th Dist.] 2010, no pet.) (Texas
Constitution’s separation-of-powers provision does not apply to local
governments and, accordingly, no separation-of-powers issue existed with regard
to ordinance).  Consequently, because the
Texas Constitution does not guarantee the separation of the local legislative,
executive, and judicial branches of government, the merger of positions under
Ordinance 15183 cannot be unconstitutional.

Moreover,
while a court has inherent powers upon which it may call to aid in the
exercise of its jurisdiction, in the administration of justice, and in the
preservation of its independence and integrity, which include utilizing broad
discretion over the conduct of its proceedings, controlling its judgments,
summoning and compelling the attendance of witnesses, regulating the admission
and practice of law, and providing personnel to aid in the exercise of its
judicial functions, we do not find that Appellees’ orders are within the
confines of such inherent powers.  See Eichelberger, 582 S.W.2d at 398, 399
n.1 (and cases cited therein); State v.
Johnson, 821 S.W.2d 609, 612 (Tex.Crim.App. 1991); In re D.S., 333 S.W.3d 379, 388 (Tex.App. – Amarillo 2011, no
pet.); In re State, 162 S.W.3d 672,
677 (Tex.App. – El Paso 2005, orig. proceeding).

            We sustain Issue Four.  Having sustained the City’s Fourth and Eighth
Issues, we need not address the City’s remaining issues.

CONCLUSION

We reverse the judgment of the trial court
and render the judgment the trial court should have rendered.  Tex.
R. App. P. 43.2(c).  Appellees’
September and March orders are void for want of subject-matter jurisdiction and,
because the Texas Constitution’s separation-of-powers doctrine does not apply
to local governments, Ordinance 15183 is not unconstitutional.  Tex. Const. art. II, § 1; Zimlich,
29 S.W.3d at 72; A.H.D. Houston, Inc.,
316 S.W.3d at 222.

 

                                                                        GUADALUPE
RIVERA, Justice

August 31, 2012

 

Before McClure, C.J., Rivera, J., and Gomez, Judge

Gomez, Judge, sitting by assignment

 











[1]
 In their request for relief, Appellees
clarified that they sought to have Appellant’s failure to establish an
independent municipal clerk declared unconstitutional.





[2]
 These findings are also set forth in the
trial court’s third and fourth conclusions of law.





[3]
 The jurisdiction of municipal courts of record is set forth
statutorily in the Texas Government Code and the Texas Code of Criminal
Procedure.  Tex. Gov’t Code Ann. §§ 29.003, 30.00005 (West Supp. 2012); Tex. Code
Crim. Proc. Ann. art. 4.01(10) (West 2005), art. 4.14 (West Supp. 2012).